IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESCO GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1679-RGA-JLH |
| | ) | |
| DEERE & COMPANY, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## <u>ESCO GROUP LLC'S ANSWER TO DEERE & COMPANY'S COUNTERCLAIMS</u>

Plaintiff, ESCO Group LLC ("ESCO"), through its counsel, hereby responds to the Answer and Counterclaims ("Counterclaims") filed in this action by Deere & Company's ("Deere"). (Dkt. 15).

## <u>THE PARTIES, JURISDICTION, AND VENUE</u>

1.       Deere is a Delaware corporation with a principal place of business in Moline, Illinois.

**<u>ANSWER</u>:**      ESCO lacks sufficient information to admit or deny the allegations in this Paragraph and, therefore, denies same.

2.       Upon information and belief, and as ESCO alleges in its first amended complaint, ESCO is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business at 2141 NW 25th Ave., Portland, OR 97210.

**<u>ANSWER</u>:**      Admitted.

3.       The below claims are for declaratory judgment of noninfringement and invalidity of the '662 and '175 patents under 28 U.S.C. §§ 2201 and 2202.

**<u>ANSWER</u>:**      To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that the Counterclaims purport to state a cause of action for declaratory judgment of

noninfringement and invalidity of the '662 and '175 patents under 28 U.S.C. §§ 2201 and 2202. ESCO denies that there is any merit to Deere's counterclaims.

4.       This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that 28 U.S.C. §§ 1331 and 1338(a) provide jurisdiction to this Court for cases arising under federal patent law.

5.       This Court has personal jurisdiction over ESCO because, among other things, ESCO is a limited liability company organized and existing under the laws of the State of Delaware, and ESCO has asserted the '662 and '175 patents in this jurisdiction against Deere in the first amended complaint.

**ANSWER:**    To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that this Court has personal jurisdiction over ESCO.

6.       For at least the same reasons, venue is proper in this district under 28 U.S.C. § 1391.

**ANSWER:**    To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that venue is appropriate in this District.

7.       This dispute arises out of an actual controversy between ESCO and Deere. ESCO alleges in this litigation that it is the owner by assignment of the '662 and '175 patents and that Deere directly infringes one or more claims of each patent.

**ANSWER:**    ESCO admits that it alleges in this litigation that it is the owner by assignment of the '662 and '175 patents and that Deere infringes one or more claims of each patent.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '662 Patent)

8.       Deere incorporates the foregoing paragraphs by reference as though fully set forth herein.

**ANSWER:**   ESCO incorporates by reference its answers to Paragraphs 1 through 7 as if fully set forth herein.

9.    The '662 patent and each of its claims are invalid under one or more of the conditions for patentability specified in pre-AIA 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**   Denied.

10.    For example, claim 8 of the '662 patent is invalid under pre-AIA 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 7,100,315 and U.S. Patent Application No. 2007/0084094.

**ANSWER:**   Denied.

11.    In addition, claim 8 of the '662 patent is invalid under pre-AIA 35 U.S.C. § 103(a) as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 8.

**ANSWER:**   Denied.

12.    In addition, claim 8 of the '662 patent is invalid under pre-AIA 35 U.S.C. § 112 at least because "excavating equipment," "wear member," "stabilizing surface(s)," and "to resist both vertical and horizontal loads during excavating" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

**ANSWER:**   Denied.

13.    There is an actual, substantial, and continuing justiciable controversy between ESCO and Deere regarding the validity of claims of the '662 patent, including at least claim 8.

**ANSWER:**   To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that it has alleged that Deere infringes one or more claims of the '662 patent, but denies the remaining allegations.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '662 Patent)

14.    Deere incorporates the foregoing paragraphs by reference as though fully set forth herein.

**ANSWER:**    ESCO incorporates by reference its answers to Paragraphs 1 through 13 as if fully set forth herein.

15.    Deere is not infringing and has not infringed claims of the '662 patent as alleged by ESCO, including claim 8—the only claim identified by ESCO as allegedly infringed.

**ANSWER:**    Denied.

16.    For example, Deere does not infringe at least Claim 8 of the '662 Patent at least because it does not meet the limitation of "side walls each including a pair of side stabilizing surfaces inclined relative to each other ... and positioned to bear against complementary surfaces in respective side recesses in the base."

**ANSWER:**    Denied.

17.    Moreover, claims of the '662 patent, including claim 8, are invalid and therefore cannot be infringed.

**ANSWER:**    Denied.

18.    There is an actual, substantial, and continuing justiciable controversy between ESCO and Deere regarding the alleged infringement of the '662 patent.

**ANSWER:**    To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that it has alleged that Deere infringes one or more claims of the '662 patent, but denies the remaining allegations.

19.    ESCO knows or should know that Deere has not and is not in any way infringing the '662 patent. This is thus an exceptional case entitling Deere to an award of its attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**    Denied.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '175 Patent)

20.    Deere incorporates the foregoing paragraphs by reference as though fully set forth herein.

**ANSWER:**    ESCO incorporates by reference its answers to Paragraphs 1 through 19 as if fully set forth herein.

4

21.     The '175 patent and each of its claims are invalid under one or more of the conditions for patentability specified in pre-AIA 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**     Denied.

22.     For example, claim 17 of the '175 patent is invalid under pre-AIA 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 7,730,651 and U.S. Patent Application No. 2008/0201997.

**ANSWER:**     Denied.

23.     In addition, claim 17 of the '175 patent is invalid under pre-AIA 35 U.S.C. § 103(a) as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 17.

**ANSWER:**     Denied.

24.     In addition, claim 17 of the '175 patent is invalid under pre-AIA 35 U.S.C. § 112 at least because "excavating equipment," "wear member," "bearing surfaces," "front thrust surface," and "front thrust face" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

**ANSWER:**     Denied.

25.     There is an actual, substantial, and continuing justiciable controversy between ESCO and Deere regarding the validity of claims of the '175 patent, including at least claim 17.

**ANSWER:**     To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that it has alleged that Deere infringes one or more claims of the '175 patent, but denies the remaining allegations.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement of the '175 Patent)**

26.     Deere incorporates the foregoing paragraphs by reference as though fully set forth herein.

**ANSWER:**     ESCO incorporates by reference its answers to Paragraphs 1 through 25 as if fully set forth herein.

27.     Deere is not infringing and has not infringed claims of the '175 patent as alleged by ESCO, including claim 17—the only claim identified by ESCO as allegedly infringed.

**ANSWER**:     Denied.

28.     For example, Deere does not infringe at least Claim 17 of the '175 Patent at least because it does not meet the limitation of "the bearing surfaces being adjacent to and extend rearward from the front thrust surface in an axial orientation that is substantially parallel to the longitudinal axis."

**ANSWER**:     Denied.

29.     Moreover, claims of the '175 patent, including claim 17, are invalid and therefore cannot be infringed.

**ANSWER**:     Denied.

30.     There is an actual, substantial, and continuing justiciable controversy between ESCO and Deere regarding the alleged infringement of the '175 patent.

**ANSWER**:     To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent that a response is deemed to be required, ESCO admits that it has alleged that Deere infringes one or more claims of the '175 patent, but denies the remaining allegations.

31.     ESCO knows or should know that Deere has not and is not in any way infringing the '175 patent. This is thus an exceptional case entitling Deere to an award of its attorneys' fees under 35 U.S.C. § 285.

**ANSWER**:     Denied.

**PRAYER FOR RELIEF**

ESCO denies that Deere is entitled to any relief in this case, and prays that the Court deny all relief sought by Deere.

**DEMAND FOR JURY TRIAL**

ESCO acknowledges that Deere demands a trial by jury on all issues so triable.  ESCO also demands trial by jury on all issues so triable, including ESCO's claims, Deere's defenses, and Deere's counterclaims.

## **RESERVATION OF RIGHTS**

WHEREFORE, ESCO denies all of Deere's allegations not expressly admitted above. ESCO reserves the right to amend its Answer to Deere's Counterclaims based on facts disclosed or revealed through discovery. ESCO denies that Deere is entitled to any relief under any of their counterclaims or defenses, and to the extent their Prayer for Relief alleges any wrongdoing by ESCO, ESCO denies all allegations in the Prayer for Relief. ESCO, therefore, respectfully requests that: (1) the Court dismiss Deere's Counterclaims with prejudice and enter judgment in favor of ESCO; (2) ESCO be awarded its reasonable attorneys' fees, costs, and other expenses incurred in the defense of Deere's Counterclaims; and (3) ESCO be granted all such other and further relief as this Court deems just and proper.

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Brian D. Sieve, P.C.
Paul D. Collier
Jeremy D. Roux
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: June 2, 2021