IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESCO GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 20-1679-RGA-JLH |
| | ) | |
| v. | ) | ███████████████ |
| | ) | |
| DEERE & COMPANY, | ) | |
| | ) | **Redacted - Public Version** |
| Defendant. | ) | |

## LETTER TO THE HONORABLE JENNIFER L. HALL FROM <u>NATHAN R. HOESCHEN</u>

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Brian D. Sieve, P.C.
Paul D. Collier
Jeremy D. Roux
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: January 27, 2022



Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

January 27, 2022

**VIA CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United Stated District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Redacted - Public Version**



Re:   *ESCO Group LLC v. Deere & Company*, C.A. No. 20-1679-RGA

Dear Magistrate Judge Hall:

I write in support of Plaintiff ESCO Group LLC's ("ESCO") request (D.I. 46) to: (1) compel Defendant Deere & Company ("Deere") to produce documents responsive to ESCO Document Request Nos. 2-12, 14, 16-23, 25-27, 28-29, 30-36, 38-41, 42, 43, 44, 46, 47, 48; and (2) compel Deere to provide full and complete answers to ESCO Interrogatory Nos. 1 and 4-7, including supplementation of its original responses.

**BACKGROUND:** ESCO initiated this patent infringement action on December 10, 2020 (D.I. 1), and filed its First Amended Complaint on April 7, 2021 (D.I. 11). On June 17, 2021, shortly after Deere answered (D.I. 15), ESCO served its first set of document requests and interrogatories. (*See* Ex. 1, 06/17/2021 ESCO Document Requests; Ex. 2, 06/17/2021 ESCO Interrogatories.) On June 28, 2021, the Court entered the case Scheduling Order, setting a deadline for substantial completion of document production on March 1, 2022. (D.I. 24.)

Deere served written responses to ESCO's document requests and interrogatories on August 2, 2021. (*See* Ex. 3, 08/02/2021 Deere Responses to ESCO's Document Requests; Ex. 4, 08/02/2021 Deere Responses to ESCO's Interrogatories.) In its responses, Deere agreed to produce certain documents for ESCO document requests 2-12, 16-23, 25-27, 30-36, 38-41, 42, 44, 46, and 48. (*See* Ex. 3, 08/02/2021 Deere Responses to ESCO's Requests for Production.) Deere also submitted a response to ESCO's interrogatories, stating in response to nos. 1, 4 and 7 that it "will produce and identify business records" pursuant to Federal Rule 33(d) to supply the requested substantive information. (*See* Ex. 4, 08/02/2021 Deere Responses to ESCO's Interrogatories at 5, 7, 10.) Deere did not identify or produce any documents with its interrogatory responses, and it still has not supplemented its responses to identify any documents.

On October 4, 2021, ESCO asked Deere when it would begin producing responsive documents, including those relied on pursuant to Rule 33(d) in its interrogatory responses. (Ex. 5, 10/04/2021 Roux email.) As of that date, Deere had not produced a single document in response to ESCO's requests. Deere responded that it "will get back to [ESCO] regarding an expected time frame for production of documents." (Ex. 5, 10/05/2021 Linden email.) ESCO followed up on October 22, 2021 to "reiterate [its] request for an expected timeframe for Deere's production of documents." (Ex. 5, 10/22/2021 Roux email.) The parties conducted a meet and confer on October 29, 2021, during which ESCO stressed that Deere must produce documents immediately. ESCO

Sʜᴀᴡ Kᴇʟʟᴇʀ ʟʟᴘ

Page 2

emphasized that it needed to review sales data, licenses and indemnification agreements, and design and development documents for the accused products promptly.  Deere claimed it was working to gather responsive documents, but it would not give a date certain for production.  On November 15, 2021, in advance of the parties' mediation Deere sent ESCO a spreadsheet containing certain sales data for the accused products.  (Ex. 6, 11/15/2021 Bennett email.).  ESCO had demanded that information prior to the mediation.

Nearly two more months passed, and still Deere produced no discovery—no documents and no updated interrogatory responses.  ESCO sent another deficiency letter on January 4, 2022, nearly six months after ESCO served its initial requests.  (Ex. 5, 01/04/2022 Roux Ltr.)  ESCO reiterated that Deere must immediately produce all responsive documents to avoid prejudicing ESCO and disrupting the litigation process.  (*Id.* at 1.)  ESCO also explained that many of Deere's objections to ESCO's discovery requests were improper and did not provide a basis to withhold responsive documents or information.  (*Id.* 2-7.)  ESCO requested a meet and confer that same week, but Deere delayed the conference until January 14, 2022.

During the parties' meet and confer, ESCO reminded Deere of the March 1, 2022 deadline for document production and again insisted that Deere comply with its discovery obligations. Deere had no explanation for its failure to produce essentially any documents, nor would it provide a date certain on which it would do so.  In another effort to avoid court intervention, ESCO proposed that Deere's counsel discuss with its client when it would produce responsive documents (which should have been done already), and shortly thereafter provide ESCO a date certain by which it would produce documents.  Deere's counsel refused and would not commit to providing a date for producing responsive documents.  ESCO and Deere also discussed Deere's objections to certain of ESCO's discovery requests.  Although ESCO believed a reasonable compromise had been reached for some requests, especially because ESCO agreed to narrow their scope, Deere sent a follow-up letter that purportedly summarized the meet and confer and "reiterated [Deere's] objections" to the majority of the requests the parties had discussed.  (*See* Ex. 7, 01/19/2022 Abner Ltr. at 1-4.)  Deere did not explain if, or to what extent, it would be withdrawing any of its disputed objections, nor did it provide a timeline for when it would provide further clarity, asserting instead that it would "consider [ESCO's] proposed narrowing" of certain requests.  (*See, e.g.*, *id.* at 3.). Thus, the parties have not resolved their dispute over Deere's improper objections.[1]

Because of Deere's continued refusal to comply with its discovery obligations, and given the fast approaching Court ordered discovery deadlines, ESCO had no choice but to seek relief from this Court.[2]

_____

[1] In addition to the discovery requests specifically identified in ESCO's motion for teleconference (D.I. 46), additional disputes exist for Document Request Nos. 14, 28-29, 43, and 47, and Interrogatories 5-6.  ESCO and Deere have conferred regarding these specific requests and while ESCO initially thought the disputes had been resolved, upon closer review of Deere's January 19 letter ESCO now understands the parties to be at an impasse.  ESCO respectfully requests that the Court consider these disputes at this time for the same reasons as the other discovery requests.

[2] On January 20, 2022, after filing this motion, Deere produced nine documents: (1) the one spreadsheet Deere previously produced; and (2) four patents and their prosecution histories

SHAW KELLER LLP
Page 3

**ARGUMENT:**  It has been seven months since ESCO served its discovery requests, yet Deere has not provided the documents and information sought.  Based on ESCO's preliminary review of Deere's production last night, it appears Deere has produced a handful of additional non-public documents, but it still has not produced documents addressing many of ESCO's document requests, nor has it supplemented its interrogatory responses to particularly identify any business records on which it relies.  Moreover, Deere still has not committed to a date certain for completing full compliance with its discovery obligations.  Given the March 1, 2022 deadline for substantial completion of document production, as well as other discovery deadlines, time is of the essence.  Among other things, ESCO needs to review all responsive documents and information so it can assess its discovery strategy, including what follow-up discovery to pursue, and so that it can prepare targeted ESI requests as contemplated under the scheduling order.  Deere's delay has already impeded ESCO's ability to propose appropriate custodians and search terms for discovery and is prejudicing ESCO's ability to prosecute this case.  The Court should order Deere to comply with its obligations within seven days of the Court's order.

ESCO Document Request Nos. 2-12, 14, 16-23, 25-27, 28-29, 30-36, 38-41, 42, 43, 44, 46, 47, and 48 are at issue in this motion.  Deere has "a primary obligation to conduct a reasonably diligent search and to produce relevant, responsive documents in a timely manner."  *See Feenix Payment Systems, LLC v. Steel Capital Management, LLC*, C.A. No. 20-1519, 2021 WL 3862008, at *1 (D. Del. August 24, 2021).  Deere has not done so.  Indeed, Deere has not even agreed to withdraw its objections and produce highly relevant materials, including documents regarding the development and conception of the accused products, validation testing of the accused products, indemnity agreements related to the accused products, customer feedback regarding the accused products, and relevant damages-related documents, such as projections of future sales of the accused products.  (*See* Ex. 7, 01/19/2022 Abner Ltr. at 3, 4.)  In light of these deficiencies, this Court should (1) order Deere to promptly produce all documents responsive to those requests, and (2) overrule any objections for which Deere is refusing to produce responsive material.

ESCO's Interrogatory Nos. 1 and 4-7 are also in dispute.  For at least interrogatories 1, 4, and 7, Deere relied on Rule 33(d), and presumably had a good faith basis after reviewing certain documents for asserting that they contained the information ESCO sought.  Thus, there is no basis for Deere's refusal to produce those documents almost six months later.  *See Novanta Corporation v. Iradion Laser, Inc.*, C.A. No. 15-1033, 2016 WL 4987110, at *8 (D. Del. September 16, 2016) (compelling a party to identify "with particularity the documents to which it refers").  In addition, Deere has lodged improper objections to these interrogatories and has refused to confirm that it will withdraw its objections and supplement its interrogatory responses.  Because of Deere's continued delay, this Court should (1) overrule Deere's objections; (2) order Deere to provide full and complete written responses; and (3) if it permits Deere to rely on a Rule 33(d) response, order Deere to identify with specificity (by production numbers) the documents responsive to each interrogatory; and (4) produce such documents immediately.

---

apparently related to excavation technology.  Yesterday, at approximately 6 pm ET—the night before this letter was due—Deere made another document production.  ESCO is currently reviewing and analyzing that production, but understands that it comprises 146 documents.

SHAW KELLER LLP

Page 4

Respectfully submitted

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:     Clerk of the Court (via CM/ECF and hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESCO GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1679-RGA-JLH |
| | ) | |
| DEERE & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ESCO GROUP LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-51)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff ESCO Group LLC ("ESCO"), by its undersigned attorneys, requests that Defendant Deere & Company ("Deere") respond to these Requests for Production within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying at the offices of Kirkland & Ellis LLP, 300 N. LaSalle Drive, Chicago, IL 60654, or at such other place as may be agreed upon by the parties.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Three representative samples of each Accused Product.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents identified in Deere's responses to ESCO's Interrogatories, or referred to or relied upon in preparing answers to the same.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that describe or disclose the design features, operation, and function of the Accused Products.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating to the marketing, promotion and advertising of the Accused Products, including without limitation any print, radio, or television media advertising, trade show promotional materials, product catalogues, or product brochures.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the revenue generated by, the costs and expenses and profits associated with the Accused Products and any non-accused products offered for sale or sold with the Accused Products.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each of Deere's partners, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner, reseller, and/or customer, and any fixed or one-time revenue and costs associated with each partner, reseller, and/or customer.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify the material terms associated with the sale of the Accused Products to each of Deere's partners, resellers, and/or customers.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify each entity to whom Deere has sold, offered to sell, and/or marketed any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 9:**

Documents Relating to the research, development, conception and design of each Accused Product.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating to any effort by Deere to copy, emulate, or replicate any ESCO product or technology used in excavating operations.

2

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating to any effort by Deere to distinguish or differentiate the Accused Products from any ESCO product.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating to the date of first sale or use of each Accused Product.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating to any design study or risk assessment of the Accused Products.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating to any developmental or validation testing of the Accused Products.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the steps used during the manufacture of the Accused Products.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating to ESCO excavating equipment and products.

**REQUEST FOR PRODUCTION NO. 17:**

All documents Relating to Communications between Deere and ESCO Relating to excavating equipment and products.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Relating to the pricing of the Accused Products, including documents sufficient to show Deere's decision for how to price the Accused Products.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Relating to Deere's procedures, protocols, practices, and efforts to avoid obtaining or infringing intellectual property of Deere's competitors.

**REQUEST FOR PRODUCTION NO. 20:**

All assignment, license, or indemnity agreements Relating to the Accused Products.

3

**REQUEST FOR PRODUCTION NO. 21:**

All Communications with any third party Relating to the licensing, sale or distribution of the Accused Products.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating to the distribution and/or sale of each Accused Product.

**REQUEST FOR PRODUCTION NO. 23:**

For each Accused Product, Documents sufficient to identify the total sales volume, monthly sale volume, revenues from the sale of each Accused Product, and projections of future sales, including the quantity sold to each purchases and the price.

**REQUEST FOR PRODUCTION NO. 24:**

Deere's quarterly and annual financial statements that include the Accused Products since their introduction to the present.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Relating to any policy or practice of Deere with respect to intellectual property, licenses, or royalties.

**REQUEST FOR PRODUCTION NO. 26:**

All Unites States and foreign patent applications and United States and foreign patents, and their file histories, Relating to the Accused Products.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that Deere is relying on to interpret the meaning of any of the claims of the Asserted Patents or intends to use at a claim interpretation or *Markman* hearing in this action.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Relating to any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating to any forecast of demand, business plans, potential sales Relating to Deere's products, methods or services, which incorporate, utilize or include any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating to any studies, analyses or evaluations of the market in which each Accused Product competes, including documents sufficient to show the definition of the market, the companies and products that compete in the market, and Deere's actual and projected market share.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating to any alleged prior art to the Asserted Patents, which Deere contends supports any assertion that any of the claims of the Asserted Patents are invalid.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating to Deere's first notice or knowledge of the Asserted Patents, including, but not limited to, licenses or attempted licensing, freedom to operate assessments, and clearance assessments.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating to any comparison between any of the Accused Products and any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 34:**

Deere's document retention policy(ies) from the beginning of the development the Accused Products to present.

**REQUEST FOR PRODUCTION NO. 35:**

All written opinion(s) of counsel Relating to the validity, infringement, claim construction, prosecution history, willful infringement, damages, or enforceability of the Asserted Patents or

any Document Relating to disclosures, Communications, opinions, reports, memoranda, studies, analyses, or search results Relating to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Relating to any effort to design, redesign, or modify any Accused Product because of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating to any effort to design, redesign, or modify any Accused Product to enhance durability and life of a wear component.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to identify all Persons who participated in the design or development of each Accused Product.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Relating to the drafting, creation, revision, development, and/or publication of any white papers, system planners, application notes, release notes, manuals, guides, or any other publications or papers describing the design, structure, architecture, function, operation, implementation, configuration, specifications, use, requirements, protocol, evaluation, testing, diagnosis, and/or troubleshooting of each Accused Product.

**REQUEST FOR PRODUCTION NO. 40:**

Organizational charts sufficient to identify the titles and relative responsibilities of all Persons who participated in the design, development, marketing, and sale of each Accused Product.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating to or constituting suggestions, requests, complaints, or feedback from users and/or purchasers of each Accused Product, including without limitation any articles, press releases, advertisements, books, correspondence, statements, or other testimonials created by or for, prepared by or for, or issued by Deere.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Relating to lost profits or a reasonable royalty for use of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications between Deere and any other Person or company Relating to, regarding, or concerning This Case or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Deere may rely on or intends to rely on or introduce at trial, in any motion, or at any hearing in This Case.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Relating to commercial use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify each assembler, supplier, or manufacturer for each Accused Product, or components used with each Accused Product.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to identify every location at which Deere, or any entity on behalf of Deere, manufactures or has manufactured each Accused Product.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents that are or have been included with the sale of Accused Products, including but not limited to instruction manuals, data sheets, installation manuals, retail kits, or specifications.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents Relating to any contention by Deere that any asserted claim of the Asserted Patents is invalid pursuant to any provision of 35 U.S.C. §§ 101, 102, 103, or 112.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents Relating to, supporting, affirming, or disputing any contention, affirmative defense, or counterclaim by Deere that it does not infringe, either literally or under the doctrine of equivalents, any asserted claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents Relating to, supporting, affirming, or disputing any arguments Relating to patent validity, enforceability, infringement, or claim construction Relating to any asserted claim of the Asserted Patents.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in these interrogatories, the words set forth below shall be defined as follows:

1.      "Plaintiff" or "ESCO" means ESCO Group LLC.

2.      "Defendant," "Deere," "You," or "Your" means Deere & Company, and all predecessors, successors, assigns, subsidiaries, parent entities, domestic and foreign affiliates and related companies, divisions, departments, organizational operating units, and each entity owned or controlled by them, directly or indirectly, in whole or in part, and all present or former officers, directors, executives, employees, principals, partners, agents, legal representatives, consultants, and other Persons acting on their behalf.

3.      "This Case" refers to the above-captioned proceeding at the United States District Court for the District of Delaware, *ESCO Group LLC v. Deere & Company*, Case No. 1:20-cv-01679-RGA-JLH.

4.      "Person" or "Persons" means any natural person or any incorporated or unincorporated, formal or informal organization or association, including without limitation corporations, partnerships, proprietorships, companies, subsidiaries, parent companies, domestic and foreign affiliates, and federal, state, or local government agencies or bodies.

5.      "Asserted Patents" or "Asserted Patents" mean each patent asserted by Plaintiffs to be infringed in This Case, including U.S. Patent Nos. 10,273,662 (the "'662 patent") and 8,844,175 (the "'175 patent).

6.      The term "Relating to" shall be construed broadly to mean referring to, pertaining to, regarding, mentioning, discussing, representing, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever, whether directly or indirectly.

7.      The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of an interrogatory any information which otherwise would not be brought within its scope.

8.      "Any" and "all" are mutually interchangeable and are meant to encompass each other.

9.      The singular includes the plural and vice versa.

10.      The past tense shall be construed to include the present tense and vice versa.

11.      "Accused Product" or "Accused Products" mean any and all products that ESCO accuses of infringement in This Case, including Deere's TK Series Tooth System products, as well as any iterations or versions of them, and those parts that are marketed, sold, used, or intended to be used with them.

12.      "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34, and the relevant case law, and includes without limitation any Thing, any Communication, any written or graphic matter that is or has been in Deere's actual or constructive possession, custody, or control, or of which Deere has knowledge, regardless of the medium on which it is produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.

13.      "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed.

14.      "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure. This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

10

## INSTRUCTIONS

1.      For any Documents and Things responsive to ESCO's requests that Deere withholds based on attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, Deere shall provide a privilege log consistent with the terms agreed upon by the parties.

2.      If Deere objects to all or part of request, state the basis of the objection and respond to any remaining portion of that request.  If Deere objects to the scope or time period of a request and refuse to answer for that scope or time period, state Deere's objection and answer the request for the scope or time period Deere believes is appropriate.  If any request cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Deere's ability to answer the remainder and stating the information Deere has concerning the unanswered portions.  If Deere's answer is qualified in any particular manner, set forth the details of such qualification.

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
OF COUNSEL:                          Nathan R. Hoeschen (6232)
Brian D. Sieve, P.C.                 SHAW KELLER LLP
Paul D. Collier                      I.M. Pei Building
Jeremy D. Roux                       1105 North Market Street, 12th Floor
KIRKLAND & ELLIS LLP                 Wilmington, DE 19801
300 North LaSalle                    (302) 298-0700
Chicago, IL 60654                    jshaw@shawkeller.com
(312) 862-2000                       kkeller@shawkeller.com
                                     nhoeschen@shawkeller.com
Dated: June 17, 2021                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on June 17, 2021, this document was served on the

persons listed below in the manner indicated:

**BY EMAIL**

James D. Taylor, Jr.
Charles E. Davis
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800
james.taylor@saul.com
chad.davis@saul.com

John F. Bennett
Paul M. Ulrich
Paul J. Linden
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 698-5000
jbennett@ulmer.com
pulrich@ulmer.com
plinden@ulmer.com

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESCO GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1679-RGA-JLH |
| | ) | |
| DEERE & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ESCO GROUP LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-17)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ESCO Group LLC ("ESCO"), by its undersigned attorneys, requests that Defendant Deere & Company ("Deere") answer, in writing and under oath, the following interrogatories, and serve such answers upon counsel for ESCO no later than thirty (30) days after service of these interrogatories. These interrogatories are continuing and require supplemental answers if additional pertinent information is obtained.

### INTERROGATORIES

### INTERROGATORY NO. 1

For each Accused Product identify all trade names associated with such Product, any other names or identifiers by which it is or has been known (including internal code names), and the date, location and parties involved with the first commercial sale or use.

### INTERROGATORY NO. 2:

For each Accused Product, identify the Persons and entities, including the names of any internal organizations and/or teams, involved with the research, development, testing, and manufacture of such Product.

1

**INTERROGATORY NO. 3:**

For each Accused Product, identify all patents and patent applications that Deere contends cover such Product.

**INTERROGATORY NO. 4:**

For each Accused Product, identify all licenses, assignments, covenants not to sue, contracts, indemnification agreements, or other agreements that relate to such Product, including the identity of any parties to the agreement, the date of the agreement, and the amount of any money or other consideration provided under the agreement.

**INTERROGATORY NO. 5:**

For each Accused Product and any non-accused part offered for sale or sold with an Accused Product, identify the number of units sold, the revenues generated from sales, the costs and expenses attributed to those sales, and the profits on both a quarter-by-quarter and customer-by-customer basis, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**INTERROGATORY NO. 6:**

For each Accused Product and any non-accused part offered for sale or sold with an Accused Product, identify the Persons and entities, including the names of any internal organizations and/or teams, involved with the sales, advertising, marketing, calculation and compilation of revenues, prices, costs, and profits of such Product.

**INTERROGATORY NO. 7:**

For each Accused Product, state in detail Deere's pricing and sales process for the Accused Products, from the release date of each product to present, including list price, customer agreements, and discounts, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**INTERROGATORY NO. 8:**

For each Accused Product, identify any non-accused products that Deere offers for sale or sells with such Product, and describe in detail whether the Accused Product and non-accused products are components of a single assembly or constitute a functional unit, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**INTERROGATORY NO. 9:**

For each of the Asserted Patents, describe when and how Deere became aware of such patent and any actions Deere took as a result of becoming aware of it, including any investigation into potential infringement, invalidity, and unenforceability, any actions to avoid infringement, any efforts to design around the patent, and any opinion of counsel Deere sought or obtained Related to the Asserted Patents, and identify any Persons knowledgeable of, and documents Relating to, the foregoing.

**INTERROGATORY NO. 10:**

For each Asserted Patent, identify any non-infringing alternative Deere contends exists and/or existed, the date on which each such alternative was first manufactured, sold and/or commercially used, and the names of persons and entities involved with the manufacture, sale and/or commercial use of such alternative; identify the complete factual and legal bases for Deere's contention that each such alternative is or was non-infringing, acceptable, and available to Deere; and indicate the itemized cost to Deere of implementing each such non-infringing alternative, including without limitation continuing operational costs, direct and indirect implementation costs, and opportunity costs.

**INTERROGATORY NO. 11:**

For each Accused Product, describe in detail the market for such Product, including the identity of any competitors and products that compete in such market, the market share of such

Product from launch date to present, and identify Persons knowledgeable thereof, and all Documents Relating to the foregoing.

**INTERROGATORY NO. 12:**

For each Accused Product, state in detail the reasons for customer demand of such Product, including the the features of the Accused Product that customer demand relates to, and the benefits of the Accused Product compared to competitor products, and identify Persons knowledgeable thereof, all Documents Relating to the foregoing.

**INTERROGATORY NO. 13:**

State in detail the complete factual and legal bases upon which Deere intends to rely to support any defense of invalidity, including pursuant to 35 U.S.C. §§ 101, 102 and 103.

**INTERROGATORY NO. 14:**

State in detail the complete factual and legal bases upon which Deere intends to rely to support any contention that secondary considerations of non-obviousness do not support the patentability of any of the Asserted Patents.

**INTERROGATORY NO. 15:**

State in detail the complete factual and legal bases for Deere's allegations of non-infringement of the Asserted Patents with respect to the Accused Products.

**INTERROGATORY NO. 16:**

State in detail the complete factual and legal bases upon which Deere intends to rely to support any affirmative defenses and its allegation that ESCO is not entitled to equitable relief.

**INTERROGATORY NO. 17:**

For each of the Asserted Patents, state in detail the amount of damages ESCO is entitled to recover if Deere is found to infringe that patent, including the category of damages (*e.g.*, lost profits or a reasonable royalty), the bases for the applicability of those categories, the inputs to each

category of damages, including the smallest saleable unit subject and whether the entire market value rule applies in this case, the date(s) on which damages should begin and the bases supporting such dates, whether damages should be limited under 35 U.S.C. §§ 286, 287 and/or 288, the amount of damages attributable to each Accused Product and each of the Asserted Patents; and identify Persons knowledgeable thereof, all Documents Relating to the foregoing.

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in these interrogatories, the words set forth below shall be defined as follows:

1.      "Plaintiff" or "ESCO" means ESCO Group LLC.

2.      "Defendant," "Deere," "You," or "Your" means Deere & Company, and all predecessors, successors, assigns, subsidiaries, parent entities, domestic and foreign affiliates and related companies, divisions, departments, organizational operating units, and each entity owned or controlled by them, directly or indirectly, in whole or in part, and all present or former officers, directors, executives, employees, principals, partners, agents, legal representatives, consultants, and other Persons acting on their behalf.

3.      "This Case" refers to the above-captioned proceeding at the United States District Court for the District of Delaware, *ESCO Group LLC v. Deere & Company*, Case No. 1:20-cv-01679-RGA-JLH.

4.      "Person" or "Persons" means any natural person or any incorporated or unincorporated, formal or informal organization or association, including without limitation corporations, partnerships, proprietorships, companies, subsidiaries, parent companies, domestic and foreign affiliates, and federal, state, or local government agencies or bodies.

5.      "Asserted Patents" or "Asserted Patents" mean each patent asserted by Plaintiffs to be infringed in This Case, including U.S. Patent Nos. 10,273,662 (the "'662 patent") and 8,844,175 (the "'175 patent").

6.      The term "Relating to" shall be construed broadly to mean referring to, pertaining to, regarding, mentioning, discussing, representing, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever, whether directly or indirectly.

7.      The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of an interrogatory any information which otherwise would not be brought within its scope.

8.      "Any" and "all" are mutually interchangeable and are meant to encompass each other.

9.      The singular includes the plural and vice versa.

10.     The past tense shall be construed to include the present tense and vice versa.

11.     "Accused Product" or "Accused Products" mean any and all products that ESCO accuses of infringement in This Case, including Deere's TK Series Tooth System products, as well as any iterations or versions of them, and those parts that are marketed, sold, used, or intended to be used with them.

12.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34, and the relevant case law, and includes without limitation any Thing, any Communication, any written or graphic matter that is or has been in Deere's actual or constructive possession, custody, or control, or of which Deere has knowledge, regardless of the medium on which it is produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.

13.     "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed.

14.     "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens thereof.

## **INSTRUCTIONS**

1.      Whenever there is a request to identify a Person, on the first occasion in these interrogatories that such Person is identified, state the Person's:

      (i)      full name;

      (ii)     present or last known resident address;

      (iii)    present or last known business address; and

      (iv)     present or last known employer and position; and

2.      Whenever in these interrogatories there is a request to identify a business organization or entity, set forth, if known, the full name of such organization or entity and the address of its principal place of business.

3.      Whenever in these interrogatories there is a request to identify a Communication:

      (i)      state the date and place of such Communication;

      (ii)     identify each Person who was present at, sent, received, was copied on, involved in, connected with, or participated in such Communications;

      (iii)    identify the form of the Communication, *e.g.*, letter, conference, telephone conversation;

      (iv)     state the substance of such Communication; and

      (v)      identify each Document reflecting or comprising such Communication.

4.      Whenever in these interrogatories there is a request to identify a Document, set forth:

      (i)      its date, or, if undated, the date it was written or created;

      (ii)     its author and any signatories;

      (iii)    the type of Document, *e.g.*, letter, memorandum;

      (iv)     its address and other Persons receiving copies;

      (v)      its custodian; and

(vi)    its location, and, if such document has not previously been produced to ESCO, attach a copy of the Document to the interrogatory.  If the Document has been produced to ESCO, provide the Bates number.

5.    For any information responsive to ESCO's interrogatories that Deere withholds based on attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, Deere shall provide:

(i)    an identification of each Person from and to whom the information has been  communicated, including identification of each individual who is an attorney;

(ii)    a brief description of the subject matter of the information, that without revealing information itself privileged or protected, is sufficient to understand the subject matter of the basis of the claim of privilege or immunity;

(iii)    summary of the legal and factual grounds upon which Deere relies in withholding the responsive information; and

(iv)    the type or nature of the privilege asserted (*i.e.*, attorney-client privilege; work product doctrine).

6.    For any information responsive to any interrogatory that has been destroyed or is alleged to have been destroyed, provide:

(i)    a brief description of the nature (*e.g.*, letter memorandum, chart, prototype) and subject matter of the information;

(ii)    an identification of all Person(s) who prepared, received, viewed and had possession, custody or control of the information;

(iii)    a statement of the reasons for and circumstances of its destruction;

(iv)    an identification of the Persons(s) responsible for its destruction; and

(v)    the date of the destruction or other disposition.

7.    If Deere objects to all or part of an interrogatory and refuse to answer, state the basis of the objection and answer any remaining portion of that interrogatory.  If Deere objects to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state Deere's objection and answer the interrogatory for the scope or time period Deere believes is appropriate.  If any interrogatory cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Deere's ability to answer the remainder and stating the information Deere has concerning the unanswered portions. If Deere's answer is qualified in any particular manner, set forth the details of such qualification.

8.    If any document is produced in response to an interrogatory below, then pursuant to Federal Rule of Civil Procedure Rule 33(d), designate the interrogatory or interrogatories to which each such Document responds and identify the Document by Bates number.

9.    If Deere contends the meaning of any term in these interrogatories is unclear, Deere shall construe the term so as to render responsive any information that might otherwise be rendered non-responsive.

10.    These interrogatories shall be deemed continuing so as to require supplementation and/or supplemental production if Deere discovers additional responsive information between the time of Deere's response and the time of trial.

<table>
<tr><td></td><td>/s/ Karen E. Keller</td></tr>
<tr><td></td><td>John W. Shaw (No. 3362)</td></tr>
<tr><td></td><td>Karen E. Keller (No. 4489)</td></tr>
<tr><td>OF COUNSEL:</td><td>Nathan R. Hoeschen (6232)</td></tr>
<tr><td>Brian D. Sieve, P.C.</td><td>SHAW KELLER LLP</td></tr>
<tr><td>Paul D. Collier</td><td>I.M. Pei Building</td></tr>
<tr><td>Jeremy D. Roux</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>KIRKLAND & ELLIS LLP</td><td>Wilmington, DE 19801</td></tr>
<tr><td>300 North LaSalle</td><td>(302) 298-0700</td></tr>
<tr><td>Chicago, IL 60654</td><td>jshaw@shawkeller.com</td></tr>
<tr><td>(312) 862-2000</td><td>kkeller@shawkeller.com</td></tr>
<tr><td></td><td>nhoeschen@shawkeller.com</td></tr>
<tr><td>Dated: June 17, 2021</td><td>*Attorneys for Plaintiff*</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on June 17, 2021, this document was served on the

persons listed below in the manner indicated:

**BY EMAIL**

James D. Taylor, Jr.
Charles E. Davis
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800
james.taylor@saul.com
chad.davis@saul.com

John F. Bennett
Paul M. Ulrich
Paul J. Linden
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 698-5000
jbennett@ulmer.com
pulrich@ulmer.com
plinden@ulmer.com

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

11

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **ESCO GROUP LLC,** | |
| Plaintiff, | C.A. No. 1-20-cv-01679-RGA-JLH |
| v. | |
| **DEERE & COMPANY,** | |
| Defendant. | |

## DEFENDANT DEERE & COMPANY'S OBJECTIONS AND RESPONSES TO
## ESCO GROUP LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-51)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Deere & Company ("Deere") responds and objects as follows to Plaintiff ESCO Group LLC's ("ESCO") first set of requests for production ("Discovery Requests" or "requests"):

## GENERAL STATEMENT AND OBJECTIONS

1.      The following responses are based on information available as of the date of these responses.  Discovery is not yet complete, and these responses are therefore subject to revision. It is anticipated that further discovery, investigation, and analysis may supply additional facts and add meaning to known facts as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial changes, additions, or variations to the information set forth herein.

2.      The following responses are given without prejudice to Deere's right to produce evidence of any subsequently discovered fact or facts that Deere may later recall or produce. Deere accordingly reserves the right to change the responses herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses contained herein are made in a good faith effort to comply with the provisions of the

Federal Rules of Civil Procedure and to supply as much factual information as is presently known, but nothing in these responses shall limit Deere's ability to conduct further investigation, research, or analysis, or to amend the responses as necessary at or before trial.

3.      In addition to any specific objections that may be made on an individual basis in the separate responses set forth below, Deere objects generally to each request to the extent that it seeks disclosure of information that is protected by the attorney-client privilege, the work product doctrine, common interest doctrine and/or any other applicable privilege, protection, or doctrine.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege, protection, or doctrine.

4.      Deere objects to each request to the extent it seeks confidential or proprietary information pertaining to Deere's business, trade secrets, and/or economic relationships, or to the extent it seeks confidential information that would impinge upon any protected right to privacy. Deere further objects to each request to the extent it seeks information that contains confidential, proprietary, or trade secret information of third parties.

5.      Deere objects to the definitions of "Defendant," "Deere," "You," or "Your" on the ground and to the extent that they are overly broad and thereby purport to require Deere to provide any information, produce any document, or prepare any witness to testify concerning information that is beyond the discovery obligations of Deere under Fed. R. Civ. P. 26 and 34. For purposes of responding to Plaintiff's Discovery Requests, "Defendant," "Deere," "You," and "Your" mean Defendant Deere & Company.

6.      Deere objects to the definition of "Relating to" as overly broad and boundless, requiring Deere to conduct an entirely subjective inquiry with only a guess as to what Plaintiff

would consider to be within the scope of the definition.

7.      Deere objects to the definition of "Accused Product" and "Accused Products" as overly broad.  For purposes of responding to Plaintiff's Discovery Requests, "Accused Product(s)" means each product, devices, or apparatus that, when used, Plaintiff has expressly alleged results in the practice of one or more claims of the asserted patents.

8.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved:  all objections as to competency, relevancy, proportionality, authenticity, propriety, materiality, and admissibility of the subject matter of the requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any documents or tangible things provided in response to these requests; all objections on any ground to any request for further responses to these or other requests; and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

9.      Any statement of intent to produce responsive documents, writings, or things contained herein is not an admission by Deere that any such documents, writings, or things exist.

10.     Deere objects to each request, definition, and instruction to the extent that it seeks information that is not relevant to a claim or defense of any party.

11.     Deere objects to each request to the extent it seeks information that is in the possession, custody, or control of third parties (such as, for example, independent John Deere dealers) and not in Deere's possession, custody, or control.

12.     Deere objects to each request, definition, and instruction to the extent the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive.

13.     Deere objects to each request, definition, and instruction to the extent the burden or expense of discovery sought outweighs its likely benefit.

14.     Deere objects to each request to the extent it asks for an opinion or contention that relates to fact or the application of law to fact on the ground that both the request and Deere's response to any such request are premature at this stage of the case.

15.     Deere objects to each request to the extent it seeks discovery that is not proportional to the needs of the case.

16.     Deere further objects to each request, definition, and instruction to the extent that it seeks to impose duties or obligations on Deere beyond or inconsistent with those authorized by the Federal Rules of Civil Procedure, Local Rules of the District of Delaware, and/or Delaware's Default Standard for Discovery.

17.     The General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce information contained in any such response is subject to the limitations, objections, and exceptions set forth therein.

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Three representative samples of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Product" renders the

4

request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that the request is unduly burdensome as it requests "three representative samples" of "each Accused Product."

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will make available for inspection representative samples of Accused Products.

**REQUEST NO. 2:** All Documents identified in Deere's responses to ESCO's Interrogatories, or referred to or relied upon in preparing answers to the same.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Deere objects on the ground that the request fails to identify with reasonable particularity each item or category of items to be produced or inspected; rather, the request vaguely seeks, for example, all documents "referred to" in Deere's interrogatory answers.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession that were expressly identified in Deere's responses to Plaintiff's first set of interrogatories to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 3:**  All Documents that describe or disclose the design features,

operation, and function of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "that describe or disclose" and "Accused Products" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession sufficient to demonstrate the design features, operation, and function of the Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 4:** All Documents Relating to the marketing, promotion and advertising of the Accused Products, including without limitation any print, radio, or television media advertising, trade show promotional materials, product catalogues, or product brochures.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that

6

Plaintiff's use of "Relating to" and "including" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession constituting marketing, promotion, or advertising of the Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 5:**  Documents sufficient to show the revenue generated by, the costs and expenses and profits associated with the Accused Products and any non-accused products offered for sale or sold with the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Products," "non-accused products," and "offered for sale or sold with" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "associated with" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession sufficient

to show revenue generated from sales of the Accused Products, along with the costs, expenses, and profits for those sales to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 6:** Documents sufficient to identify each of Deere's partners, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner, reseller, and/or customer, and any fixed or one-time revenue and costs associated with each partner, reseller, and/or customer.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "partners," "customers," and "Accused Products" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "associated with" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Moreover, Deere objects on the ground that the scope of the request is overly broad.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession sufficient to identify entities to whom Deere has sold Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 7:** Documents sufficient to identify the material terms associated with the sale of the Accused Products to each of Deere's partners, resellers, and/or customers.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "material terms," "Accused Products," "partners," and "customers" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "associated with" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Moreover, Deere objects on the ground that the scope of the request is overly broad.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession constituting agreements for the sale by Deere of Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 8:** Documents sufficient to identify each entity to whom Deere has sold, offered to sell, and/or marketed any of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

9

Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "to whom Deere has … offered to sell, and/or marketed" and "Accused Products" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents in its possession sufficient to identify entities to whom Deere has sold Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 9:** Documents Relating to the research, development, conception and design of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "research" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it

38807010.1

understands the request, Deere will produce non-protected documents in its possession sufficient to show both the designs of the Accused Products and how they work to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 10:** All Documents Relating to any effort by Deere to copy, emulate, or replicate any ESCO product or technology used in excavating operations.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "any ESCO product or technology used in excavating operations" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents demonstrating efforts of Deere to copy products of Plaintiff that it contends practices one or more asserted claims of the asserted patents, after ESCO sufficiently identifies any such products in response to Deere's discovery requests, to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 11:** All Documents Relating to any effort by Deere to distinguish or

differentiate the Accused Products from any ESCO product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Products," "any effort," and "any ESCO product" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected advertising documents that distinguish or differentiate the Accused Products from products of Plaintiff that it contends practices one or more asserted claims of the asserted patents, after ESCO sufficiently identifies any such products in response to Deere's discovery requests, to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 12:** All Documents Relating to the date of first sale or use of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Product" and "use" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents sufficient to demonstrate the date of first sale of each Accused Product to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 13:** All Documents Relating to any design study or risk assessment of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "any design study or risk assessment" and "Accused Products" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

**REQUEST NO. 14:** All Documents Relating to any developmental or validation testing of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "any developmental or validation testing" and "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

**REQUEST NO. 15:** Documents sufficient to show the steps used during the manufacture of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that the request seeks documents that are not relevant, and, insofar as the request could be modified to seek relevant information, such information would be cumulative of other requests, such as

14

those seeking the disclosure of the design, features, operation, or function of the Accused Products.

**REQUEST NO. 16:** All Documents Relating to ESCO excavating equipment and products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "ESCO excavating equipment and products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents that reference features of products of Plaintiff that it contends practices one or more asserted claims of the asserted patents, after ESCO sufficiently identifies any such products in response to Deere's discovery requests, to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 17:** All documents Relating to Communications between Deere and ESCO Relating to excavating equipment and products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "excavating equipment and products" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents that constitute communications between Plaintiff and Deere that reference either the Accused Products or products of Plaintiff that it contends practices one or more asserted claims of the asserted patents, after ESCO sufficiently identifies any such products in response to Deere's discovery requests, to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 18:** All Documents Relating to the pricing of the Accused Products, including documents sufficient to show Deere's decision for how to price the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "Relating to" and "including" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents sufficient to show Deere's decision for how to price the Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 19:** All Documents Relating to Deere's procedures, protocols, practices, and efforts to avoid obtaining or infringing intellectual property of Deere's competitors.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "efforts" and "to avoid obtaining or infringing intellectual property of Deere's competitors" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it

understands the request, Deere will produce non-protected documents sufficient to show Deere's written policies to avoid infringing intellectual property of Deere's competitors to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 20:** All assignment, license, or indemnity agreements Relating to the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "all assignment, license, or indemnity agreements" and "Accused Products" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents containing licenses and covenants with third parties without which Deere understands such third parties may contend that the Accused Products would infringe one or more claims of a United States patent to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 21:** All Communications with any third party Relating to the licensing,

sale or distribution of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and

Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

Deere objects to this request to the extent it seeks documents or information covered by the

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other

applicable privilege or protection.  In addition, Plaintiff's use of "the licensing, sale or

distribution" and "Accused Products" renders the request vague, overly broad, and unduly

burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the

request overly broad and impermissibly boundless, requiring Deere to speculate as to what

Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it

understands the request, Deere will produce non-protected documents constituting agreements

for the sale by Deere of Accused Products or containing licenses and covenants with third parties

without which Deere understands such third parties may contend that the Accused Products

would infringe one or more claims of a United States patent to the extent any such documents are

identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 22:** All Documents Relating to the distribution and/or sale of each

Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and

Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

Deere objects to this request to the extent it seeks documents or information covered by the

38807010.1

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "distribution" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents constituting agreements for the sale by Deere of Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 23:** For each Accused Product, Documents sufficient to identify the total sales volume, monthly sale volume, revenues from the sale of each Accused Product, and projections of future sales, including the quantity sold to each purchases [sic] and the price.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Product," "monthly sale volume," and "projections of future sales" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "including" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

20

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents sufficient to identify the number of Accused Products sold in or from the United States and the revenues from those sales to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 24:** Deere's quarterly and annual financial statements that include the Accused Products since their introduction to the present.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "that include the Accused Products" renders the request vague, overly broad, and unduly burdensome.

**REQUEST NO. 25:** All Documents Relating to any policy or practice of Deere with respect to intellectual property, licenses, or royalties.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "policy or practice" and "intellectual property, licenses, or royalties" renders the request vague, overly broad, and unduly

21

burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" and "with respect to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents constituting written policies for the licensing of intellectual property to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 26:** All Unites States and foreign patent applications and United States and foreign patents, and their file histories, Relating to the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Products" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Deere also objects on the ground that the request seeks documents that are not relevant.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents constituting Unites States and foreign patent applications and United States and foreign patents, and their file histories, Relating to the Accused Products.

22

**REQUEST NO. 27:** All Documents that Deere is relying on to interpret the meaning of any of the claims of the Asserted Patents or intends to use at a claim interpretation or *Markman* hearing in this action.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "Deere is relying on" and "intends to use" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, and as Deere understands the request and to the extent the request seeks documents that are not protected by the work product doctrine or other applicable privilege or protection, Deere will produce them in accordance with and as required by the Federal Rules of Civil Procedure and the Court's scheduling orders and to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 28:** All Documents Relating to any of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Deere objects on the ground that Plaintiff's use of

23

"Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Deere also objects on the ground that the request seeks documents that are not relevant.  Insofar as the request could be modified to describe with reasonable particularity requested documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 29:** All Documents Relating to any forecast of demand, business plans, potential sales Relating to Deere's products, methods or services, which incorporate, utilize or include any of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Products" and "any forecast of demand, business plans, potential sales" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Deere also objects on the ground that the request seeks documents that are not relevant.

**REQUEST NO. 30:** All Documents Relating to any studies, analyses or evaluations of the market in which each Accused Product competes, including documents sufficient to show the definition of the market, the companies and products that compete in the market, and Deere's actual and projected market share.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "any studies, analyses or evaluations of the market," "Accused Products," and "projected market share" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" and "including" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents referencing markets for the Accused Products, companies and products that compete in the markets, and the Accused Products' share of the markets to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 31:** All Documents Relating to any alleged prior art to the Asserted Patents, which Deere contends supports any assertion that any of the claims of the Asserted Patents are invalid.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, and as Deere understands the request and to the extent the request seeks documents that are not protected by the work product doctrine or other applicable privilege or protection, Deere will produce each item of prior art that allegedly anticipates each asserted claim or renders it obvious in accordance with and as required by the Federal Rules of Civil Procedure and the Court's scheduling orders and to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 32:** All Documents Relating to Deere's first notice or knowledge of the Asserted Patents, including, but not limited to, licenses or attempted licensing, freedom to operate assessments, and clearance assessments.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "licenses or attempted licensing, freedom to operate assessments, and clearance assessments" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" and "including" renders the request overly broad and impermissibly boundless,

requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents sufficient to demonstrate when and how Deere first learned of each Asserted Patent to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 33:** All Documents Relating to any comparison between any of the Accused Products and any claim of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "any comparison" and "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents that references the alleged presence or absence in an Accused Product of a limitation of any asserted claim to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 34:** Deere's document retention policy(ies) from the beginning of the development the Accused Products to present.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Products" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce responsive, non-protected documents to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 35:** All written opinion(s) of counsel Relating to the validity, infringement, claim construction, prosecution history, willful infringement, damages, or enforceability of the Asserted Patents Or any Document Relating to disclosures, Communications, opinions, reports, memoranda, studies, analyses, or search results Relating to the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other

28

applicable privilege or protection.  In addition, Plaintiff's use of "disclosures, Communications, opinions, reports, memoranda, studies, analyses, or search results" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce any opinions of counsel upon which Deere will rely as a defense to an allegation of willful infringement in accordance with and as required by the Federal Rules of Civil Procedure and the Court's scheduling orders.

**REQUEST NO. 36:** All Documents Relating to any effort to design, redesign, or modify any Accused Product because of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "to design, redesign, or modify … because of the Asserted Patents" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected designs of modifications to the

Accused Products that constitute noninfringing substitutes or alternatives to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 37:** All Documents Relating to any effort to design, redesign, or modify any Accused Product to enhance durability and life of a wear component.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "to design, redesign, or modify … to enhance durability and life of a wear component" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" and "with respect to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Insofar as the request could be modified to describe with reasonable particularity requested documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 38:** Documents sufficient to identify all Persons who participated in the design or development of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

30

Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "all Persons who participated in the design or development" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents sufficient to identify the individuals with the most responsibility for the development of the Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 39:** All Documents Relating to the drafting, creation, revision, development, and/or publication of any white papers, system planners, application notes, release notes, manuals, guides, or any other publications or papers describing the design, structure, architecture, function, operation, implementation, configuration, specifications, use, requirements, protocol, evaluation, testing, diagnosis, and/or troubleshooting of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection. In addition, Plaintiff's use of "drafting, creation, revision, development, and/or publication of," "Accused Product," and "or any other publications" renders

31

the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents constituting white papers, system planners, application notes, release notes, manuals, and guides for the Accused Products to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 40:** Organizational charts sufficient to identify the titles and relative responsibilities of all Persons who participated in the design, development, marketing, and sale of each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "all Persons who participated" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents constituting organizational charts containing the titles and responsibilities of the Deere employees with the most responsibility for the design, development, marketing, and sale of the Accused Products to the

extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 41:** All Documents Relating to or constituting suggestions, requests, complaints, or feedback from users and/or purchasers of each Accused Product, including without limitation any articles, press releases, advertisements, books, correspondence, statements, or other testimonials created by or for, prepared by or for, or issued by Deere.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Accused Product" and "including" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Deere also objects on the ground that the request seeks documents that are not relevant.

**REQUEST NO. 42:** All Documents Relating to lost profits or a reasonable royalty for use of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, and as Deere understands the request and to the extent the request seeks documents that are not protected by the work product doctrine or other applicable privilege or protection, Deere will produce them in accordance with and as required by the Federal Rules of Civil Procedure and the Court's scheduling orders and to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 43:** All Communications between Deere and any other Person or company Relating to, regarding, or concerning This Case or the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Relating to, regarding, or concerning" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Insofar as the request could be modified to describe with reasonable particularity requested documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 44:** All Documents Deere may rely on or intends to rely on or introduce

at trial, in any motion, or at any hearing in This Case.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "may rely on or intends to rely on or introduce" and "at trial, in any motion, or at any hearing" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, and as Deere understands the request and to the extent the request seeks documents that are not protected by the work product doctrine or other applicable privilege or protection, Deere will produce them in accordance with and as required by the Federal Rules of Civil Procedure and the Court's scheduling orders and to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 45:** All Documents Relating to commercial use of the Accused Products.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Relating to commercial use of

the Accused Products" renders the request overly broad and impermissibly boundless, requiring

Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Insofar as the request could be modified to describe with reasonable particularity requested

documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 46:** Documents sufficient to identify each assembler, supplier, or

manufacturer for each Accused Product, or components used with each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and

Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

Deere objects to this request to the extent it seeks documents or information covered by the

attorney-client privilege, the work product doctrine, common interest, joint defense, or any other

applicable privilege or protection.  In addition, Plaintiff's use of "Accused Product" and

"components used with" renders the request vague, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Deere states that, as it

understands the request, Deere will produce non-protected documents sufficient to identify each

assembler, supplier, and manufacturer of each Accused Product to the extent any such

documents are identified after a reasonable search of sources where such documents are most

likely to be found.

**REQUEST NO. 47:** Documents sufficient to identify every location at which Deere, or

any entity on behalf of Deere, manufactures or has manufactured each Accused Product.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and

Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

36

Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "every location" and "Accused Product" renders the request vague, overly broad, and unduly burdensome.  Deere also objects on the ground that the request seeks documents that are not relevant.  Insofar as the request could be modified to describe with reasonable particularity requested documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 48:** All Documents that are or have been included with the sale of Accused Products, including but not limited to instruction manuals, data sheets, installation manuals, retail kits, or specifications.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "are or have been included with the sale" "Accused Products" renders the request vague, overly broad, and unduly burdensome. Deere further objects on the ground that Plaintiff's use of "including" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, Deere states that, as it understands the request, Deere will produce non-protected documents that Deere typically includes with the sale of Accused Products to the extent any such documents are identified after

a reasonable search of sources where such documents are most likely to be found.

**REQUEST NO. 49:** All Documents Relating to any contention by Deere that any asserted claim of the Asserted Patents is invalid pursuant to any provision of 35 U.S.C. §§ 101, 102, 103, or 112.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.

Subject to and without waiving the foregoing objections, and as Deere understands the request and to the extent the request seeks documents that are not protected by the work product doctrine or other applicable privilege or protection, Deere will serve documents in connection with invalidity contentions as required by the Federal Rules of Civil Procedure and the Court's scheduling orders.

**REQUEST NO. 50:** All Documents Relating to, supporting, affirming, or disputing any contention, affirmative defense, or counterclaim by Deere that it does not infringe, either literally or under the doctrine of equivalents, any asserted claim of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.

38807010.1

Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "any contention, affirmative defense, or counterclaim by Deere" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to, supporting, affirming, or disputing" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request. Insofar as the request could be modified to describe with reasonable particularity requested documents that are relevant, such documents would be cumulative of other requests.

**REQUEST NO. 51:** All Documents Relating to, supporting, affirming, or disputing any arguments Relating to patent validity, enforceability, infringement, or claim construction Relating to any asserted claim of the Asserted Patents.

**RESPONSE:**

Deere objects to this request on the grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. Deere objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work product doctrine, common interest, joint defense, or any other applicable privilege or protection.  In addition, Plaintiff's use of "patent validity, enforceability, infringement, or claim construction" renders the request vague, overly broad, and unduly burdensome.  Deere further objects on the ground that Plaintiff's use of "Relating to, supporting, affirming, or disputing any arguments Relating to" renders the request overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the request.  Insofar as the request could be modified to describe with

reasonable particularity requested documents that are relevant, such documents would be

cumulative of other requests.

<div style="margin-left:50%">

*/s/ James D. Taylor,  Jr.*

James D. Taylor, Jr. (#4009)
Charles E. Davis (#6402)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19801
(302) 421-6800
james.taylor@saul.com
chad.davis@saul.com

*Attorneys for Defendant Deere & Company*

</div>

OF COUNSEL:

John F. Bennett (*pro hac vice*)
Paul M. Ulrich (*pro hac vice*)
Paul J. Linden (*pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000
jbennett@ulmer.com
pulrich@ulmer.com
plinden@ulmer.com

Dated: August 2, 2021

38807010.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2021, the foregoing was served on counsel of record by electronic mail to:

John W. Shaw, Esq.
Karen E. Keller, Esq.
Nathan R. Hoeschen, Esq.
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

Brian D. Sieve, Esq.
Paul D. Collier, Esq.
Jeremy D. Roux, Esq.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
bsieve@kirkland.com
pcollier@kirkland.com
jeremy.roux@kirkland.com

*/s/ James D. Taylor, Jr.*
James D. Taylor, Jr.

38807010.1

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **ESCO GROUP LLC,** | |
| Plaintiff, | C.A. No. 1-20-cv-01679-RGA-JLH |
| v. | |
| **DEERE & COMPANY,** | |
| Defendant. | |

**DEFENDANT DEERE & COMPANY'S OBJECTIONS AND ANSWERS TO**
**ESCO GROUP LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Deere &

Company ("Deere") answers and objects as follows to Plaintiff ESCO Group LLC's ("ESCO")

first set of interrogatories ("Discovery Requests" or "interrogatories"):

**GENERAL STATEMENT AND OBJECTIONS**

1.      The following answers are based on information available as of the date of these

answers.  Discovery is not yet complete, and these answers are therefore subject to revision.  It is

anticipated that further discovery, investigation, and analysis may supply additional facts and add

meaning to known facts as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial changes, additions, or variations to the

information set forth herein.

2.      The following answers are given without prejudice to Deere's right to produce

evidence of any subsequently discovered fact or facts that Deere may later recall or produce.

Deere accordingly reserves the right to change the answers herein as additional facts are

ascertained, analysis is made, legal research is completed, and contentions are made.  The

answers contained herein are made in a good faith effort to comply with the provisions of the

**CONFIDENTIAL**

Federal Rules of Civil Procedure and to supply as much factual information as is presently

known, but nothing in these answers shall limit Deere's ability to conduct further investigation,

research, or analysis, or to amend the answers as necessary at or before trial.

3.      In addition to any specific objections that may be made on an individual basis in

the separate answers set forth below, Deere objects generally to each interrogatory to the extent

that it seeks disclosure of information that is protected by the attorney-client privilege, the

attorney work product doctrine, common interest doctrine and/or any other applicable privilege,

protection, or doctrine.  Nothing contained herein is intended to be or should be construed as a

waiver of the attorney-client privilege, the attorney work product doctrine, common interest

doctrine, or any other applicable privilege, protection, or doctrine.

4.      Deere objects to each interrogatory to the extent it seeks confidential or

proprietary information pertaining to Deere's business, trade secrets, and/or economic

relationships, or to the extent it seeks confidential information that would impinge upon any

protected right to privacy.  Deere further objects to each interrogatory to the extent it seeks

information that contains confidential, proprietary, or trade secret information of third parties.

5.      Deere objects to the definitions of "Defendant," "Deere," "You," or "Your" on the

ground and to the extent that they are overly broad and thereby purport to require Deere to

provide any information, produce any document, or prepare any witness to testify concerning

information that is beyond the discovery obligations of Deere under Fed. R. Civ. P. 26 and 33.

For purposes of responding to Plaintiff's Discovery Requests, "Defendant," "Deere," "You," and

"Your" mean Defendant Deere & Company.

6.      Deere objects to the definition of "relating to" as overly broad and boundless,

requiring Deere to conduct an entirely subjective inquiry with only a guess as to what Plaintiff

**CONFIDENTIAL**
2

would consider to be within the scope of the definition.

7.      Deere objects to the definition of "Accused Product" and "Accused Products" as overly broad.  For purposes of responding to Plaintiff's Discovery Requests, "Accused Product(s)" means each product, devices, or apparatus that, when used, Plaintiff has expressly alleged results in the practice of one or more claims of the asserted patents.

8.      These answers are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved:  all objections as to competency, relevancy, proportionality, authenticity, propriety, materiality, and admissibility of the subject matter of the interrogatories; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any documents or tangible things provided in response to these interrogatories; all objections on any ground to any interrogatory for further answers to these or other interrogatories; and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

9.      Any statement of intent to produce responsive documents, writings, or things contained herein is not an admission by Deere that any such documents, writings, or things exist.

10.      Deere objects to each interrogatory, definition, and instruction to the extent that it seeks information that is not relevant to a claim or defense of any party.

11.      Deere objects to each request to the extent it seeks information that is in the possession, custody, or control of third parties (such as, for example, independent John Deere dealers) and not in Deere's possession, custody, or control.

12.      Deere objects to each interrogatory, definition, and instruction to the extent the

**CONFIDENTIAL**
3

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

13.      Deere objects to each interrogatory, definition, and instruction to the extent the burden or expense of discovery sought outweighs its likely benefit.

14.      Deere objects to each interrogatory to the extent it asks for an opinion or contention that relates to fact or the application of law to fact on the ground that both the interrogatory and Deere's answer to any such interrogatory are premature at this stage of the case.

15.      Deere objects to each interrogatory to the extent it seeks discovery that is not proportional to the needs of the case.

16.      Deere further objects to each interrogatory, definition, and instruction to the extent that it seeks to impose duties or obligations on Deere beyond or inconsistent with those authorized by the Federal Rules of Civil Procedure, Local Rules of the District of Delaware, and/or Delaware's Default Standard for Discovery.

17.      The General Statement and Objections shall be deemed to be incorporated in full into each answer set forth below, and any statement of intent to produce information contained in any such answer is subject to the limitations, objections, and exceptions set forth therein.

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:** For each Accused Product identify all trade names associated with such Product, any other names or identifiers by which it is or has been known (including internal code names), and the date, location and parties involved with the first commercial sale or use.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "Product," and "any other names or identifiers by which it is or has been known" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "including" and "involved with" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Deere further objects on the ground that Plaintiff's use of "the date, location and parties involved with the first commercial sale or use" renders the interrogatory overly broad.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere will produce and identify business records from which Plaintiff can ascertain (1) names Deere has used to refer to the Accused Products and (2) the approximate date of first sale of each Accused Product, and the burden of ascertaining this information from these business records is substantially the same for either party.

**INTERROGATORY NO. 2:** For each Accused Product, identify the Persons and entities, including the names of any internal organizations and/or teams, involved with the research, development, testing, and manufacture of such Product**.**

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the

**CONFIDENTIAL**
5

other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "internal organizations," "Product," "teams," and "research" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "including" and "involved with" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere helped develop and test the Accused Products, and employees of Deere who developed and tested Accused Products include Jason Simmons, Brett Errthum and Colon J. Bobbitt.  Accused Products have been manufactured by Black Cat Wear Parts of Edmonton, Alberta, Canada.

**INTERROGATORY NO. 3:** For each Accused Product, identify all patents and patent applications that Deere contends cover such Product.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "Product," and "cover such Product" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, one or more of the following patents cover the Accused Products: US 7980011, US 8261472, US 8307474, US 8429838.

**INTERROGATORY NO. 4:** For each Accused Product, identify all licenses, assignments, covenants not to sue, contracts, indemnification agreements, or other agreements that relate to such Product, including the identity of any parties to the agreement, the date of the agreement, and the amount of any money or other consideration provided under the agreement.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product" and "Product" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "relate to" and "including" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Moreover, Deere objects on the ground that the interrogatory seeks information that is not relevant and therefore not discoverable.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere will produce and identify business records from which Plaintiff can ascertain terms of licenses and covenants with third parties without which Deere understands such third parties may contend that the Accused Products would infringe one or

more claims of a United States patent, and the burden of ascertaining this information from these business records is substantially the same for either party.

**INTERROGATORY NO. 5:** For each Accused Product and any non-accused part offered for sale or sold with an Accused Product, identify the number of units sold, the revenues generated from sales, the costs and expenses attributed to those sales, and the profits on both a quarter-by-quarter and customer-by-customer basis, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "offered for sale or sold with," "attributed to those sales," "profit," and "any Persons knowledgeable of" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Further, Deere objects on the ground that Plaintiff's use of "on both a quarter-by-quarter and customer-by-customer basis" renders the interrogatory unduly burdensome.  Moreover, Deere objects on the ground that the interrogatory seeks information that is not relevant and therefore not discoverable.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere will produce and identify business records from which

**CONFIDENTIAL**

8

Plaintiff can ascertain, for each Accused Product, the number of units sold by Deere in or from the United States, the revenues from those sales, and the related cost of goods sold, and the burden of ascertaining this information from these business records is substantially the same for either party.  Deere further states that Steva Judge and Beehler Keiser have knowledge regarding at least some of this information.

**INTERROGATORY NO. 6:** For each Accused Product and any non-accused part offered for sale or sold with an Accused Product, identify the Persons and entities, including the names of any internal organizations and/or teams, involved with the sales, advertising, marketing, calculation and compilation of revenues, prices, costs, and profits of such Product.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "offered for sale or sold with," "internal organizations," "teams," and "profits" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "including" and "involved with" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: Beehler Keiser, Ramon Gonzalez and Brent Jones have

**CONFIDENTIAL**
9

knowledge regarding the commercialization and marketing of Accused Products by Deere and related financial information.

**INTERROGATORY NO. 7:** For each Accused Product, state in detail Deere's pricing and sales process for the Accused Products, from the release date of each product to present, including list price, customer agreements, and discounts, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "pricing and sales process," "Accused Products," and "Persons knowledgeable of" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "state in detail" and "Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere will produce and identify business records from which Plaintiff can ascertain, for each Accused Product, Deere's list price and discounts for units sold in or from the United States, and the burden of ascertaining this information from these business records is substantially the same for either party.  Deere further states that John O'Brien and Beehler Keiser have knowledge regarding at least some of this information.

**CONFIDENTIAL**

10

**INTERROGATORY NO. 8:** For each Accused Product, identify any non-accused products that Deere offers for sale or sells with such Product, and describe in detail whether the Accused Product and non-accused products are components of a single assembly or constitute a functional unit, and identify any Persons knowledgeable of, and Documents Relating to, the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Product," "offers for sale or sells with," and "Persons knowledgeable of" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: Deere does not typically sell with Accused Products any non-accused products that are functionally related to such Accused Products.  Deere further states that Jason Simmons has knowledge regarding the commercialization of Accused Products and related financial information; and Beehler Keiser and John O'Brien have knowledge regarding the commercialization and marketing of Accused Products.

**INTERROGATORY NO. 9:** For each of the Asserted Patents, describe when and how Deere became aware of such patent and any actions Deere took as a result of becoming aware of

it, including any investigation into potential infringement, invalidity, and unenforceability, any actions to avoid infringement, any efforts to design around the patent, and any opinion of counsel Deere sought or obtained Related to the Asserted Patents, and identify any Persons knowledgeable of, and documents Relating to, the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. In addition, Plaintiff's use of "any actions Deere took as a result of becoming aware," "any actions," "any efforts," and "Persons knowledgeable of" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys. Deere also objects on the ground that Plaintiff's use of "including," "Related to," and "Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: Plaintiff sent Deere a copy of the complaint, which references the '662 patent, on or about December 10, 2020, and Plaintiff filed the amended complaint, which references the '175 patent, on or about April 7, 2021. Deere further states that Steven Schad is likely the most knowledgeable of these facts. Deere cannot answer the remainder of the interrogatory, as Deere understands it, without disclosing information protected by the attorney-client privilege or the attorney work product doctrine.

38807007.1

**INTERROGATORY NO. 10:** For each Asserted Patent, identify any non-infringing alternative Deere contends exists and/or existed, the date on which each such alternative was first manufactured, sold and/or commercially used, and the names of persons and entities involved with the manufacture, sale and/or commercial use of such alternative; identify the complete factual and legal bases for Deere's contention that each such alternative is or was non-infringing, acceptable, and available to Deere; and indicate the itemized cost to Deere of implementing each such non-infringing alternative, including without limitation continuing operational costs, direct and indirect implementation costs, and opportunity costs.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "non-infringing alternative" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "involved with," "complete factual and legal bases," and "including without limitation" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Deere also objects on the ground that the contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the alleged need for such information early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: both before and during the period of Deere's alleged infringement

of each asserted patent, experience, equipment, material, and know-how were all readily available to design and manufacture substitutes for each of the Accused Products, and such substitutes could have and can be designed in many ways that would be acceptable to purchasers of the Accused Products.  Deere may supplement its answer to this contention interrogatory or otherwise make known such additional information to Plaintiff during the discovery process or in writing, such as through an expert's written report, after Plaintiff serves sufficient infringement contentions and provides relevant discovery, such as the reasons purchasers in the marketplace purchase products allegedly practicing the claimed invention(s) of the Asserted Patents.

**INTERROGATORY NO. 11:** For each Accused Product, describe in detail the market for such Product, including the identity of any competitors and products that compete in such market, the market share of such Product from launch date to present, and identify Persons knowledgeable thereof, and all Documents Relating to the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "the market for such Product," "products that compete," and "Persons knowledgeable thereof" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "describe in detail," "including," and "Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

**CONFIDENTIAL**
14

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: the Accused Products are part of at least the market of bucket teeth, and competitors include Black Cat, Hensley, MTG, Caterpillar, H&L, Futura and Esco.

**INTERROGATORY NO. 12:** For each Accused Product, state in detail the reasons for customer demand of such Product, including the the [sic] features of the Accused Product that customer demand relates to, and the benefits of the Accused Product compared to competitor products, and identify Persons knowledgeable thereof, all Documents Relating to the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "Accused Product," "reasons for customer demand of Product," "compared to competitor products," and "Persons knowledgeable thereof "renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's use of "state in detail," "including," "relates to," and "all Documents Relating to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: benefits of the Accused Products over products of competitors include performance, reliability, durability, strength, and patented detent pin for quick and easy replacement.  Deere further states that Jason Simmons and Brett Errthum have knowledge

**CONFIDENTIAL**
15

regarding the reasons for customer demand and benefits of the Accused Product compared to competitor products.

**INTERROGATORY NO. 13:** State in detail the complete factual and legal bases upon which Deere intends to rely to support any defense of invalidity, including pursuant to 35 U.S.C. §§ 101, 102 and 103.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Deere objects on the ground that Plaintiff's use of "state in detail," "complete factual and legal bases," and "including pursuant to 35 U.S.C. §§ 101, 102 and 103" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Deere also objects on the ground that the contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the alleged need for such information early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere may supplement its answer to this contention interrogatory or otherwise make known such additional information to Plaintiff during the discovery process or in writing, such as through an expert's written report and as otherwise required by the Court's scheduling orders.

**CONFIDENTIAL**

**INTERROGATORY NO. 14:** State in detail the complete factual and legal bases upon which Deere intends to rely to support any contention that secondary considerations of non-obviousness do not support the patentability of any of the Asserted Patents.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein.  In addition, Deere objects on the ground that Plaintiff's use of "state in detail" and "complete factual and legal bases" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory.  Deere also objects on the ground that the contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the alleged need for such information early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere may supplement its answer to this contention interrogatory or otherwise make known such additional information to Plaintiff during the discovery process or in writing, such as through an expert's written report, after Plaintiff sufficiently identifies any secondary considerations of non-obviousness and as otherwise required by the Court's scheduling orders.

**INTERROGATORY NO. 15:** State in detail the complete factual and legal bases for Deere's allegations of non-infringement of the Asserted Patents with respect to the Accused Products.

**CONFIDENTIAL**

17

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. In addition, Plaintiff's use of "Accused Products" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys. Deere also objects on the ground that Plaintiff's use of "state in detail," "complete factual and legal bases," and "with respect to" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory. Deere also objects on the ground that the contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the alleged need for such information early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory: Deere is not infringing and has not infringed claims of the '662 patent at least because the Accused Products do not meet the limitation of "side walls each including a pair of side stabilizing surfaces inclined relative to each other ... and positioned to bear against complementary surfaces in respective side recesses in the base"; moreover, claims of the '662 patent, including claim 8, are invalid and therefore cannot be infringed. Deere further states that, as Deere understands the interrogatory, Deere is not infringing and has not infringed claims of the '175 patent at least because the Accused Products do not meet the limitation of "the bearing surfaces being adjacent to and extend rearward from the front thrust surface in an axial orientation that is substantially parallel to the longitudinal axis"; moreover, claims of the '175

**CONFIDENTIAL**
18

patent, including claim 17, are invalid and therefore cannot be infringed.  Deere may supplement

its answer to this contention interrogatory or otherwise make known such additional information

to Plaintiff during the discovery process or in writing, such as through an expert's written report,

after Plaintiff serves sufficient infringement contentions and as otherwise required by the Court's

scheduling orders.

      **INTERROGATORY NO. 16:** State in detail the complete factual and legal bases upon

which Deere intends to rely to support any affirmative defenses and its allegation that ESCO is

not entitled to equitable relief.

      **ANSWER:**

      Deere objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the

other grounds set forth in its General Statement and Objections above, which Deere hereby

incorporates by reference as if fully set forth herein.  In addition, Plaintiff's use of "to support

any affirmative defenses and [Deere's] allegation that ESCO is not entitled to equitable relief"

renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective

judgment on the part of Deere and its attorneys.  Deere also objects on the ground that Plaintiff's

use of "state in detail" and "complete factual and legal bases" renders the interrogatory overly

broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would

consider to be within the scope of the interrogatory.  Deere also objects on the ground that the

contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the

alleged need for such information early in the pretrial period, before substantial documentary or

testimonial discovery has been completed.

**CONFIDENTIAL**

19

**INTERROGATORY NO. 17:** For each of the Asserted Patents, state in detail the amount of damages ESCO is entitled to recover if Deere is found to infringe that patent, including the category of damages (e.g., lost profits or a reasonable royalty), the bases for the applicability of those categories, the inputs to each category of damages, including the smallest saleable unit subject and whether the entire market value rule applies in this case, the date(s) on which damages should begin and the bases supporting such dates, whether damages should be limited under 35 U.S.C. §§ 286, 287 and/or 288, the amount of damages attributable to each Accused Product and each of the Asserted Patents; and identify Persons knowledgeable thereof, all Documents Relating to the foregoing.

**ANSWER:**

Deere objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine, and Deere likewise objects on the other grounds set forth in its General Statement and Objections above, which Deere hereby incorporates by reference as if fully set forth herein. In addition, Plaintiff's use of "the inputs to each category of damages" renders the interrogatory vague, ambiguous, unduly burdensome, and requiring subjective judgment on the part of Deere and its attorneys. Deere also objects on the ground that Plaintiff's use of "state in detail," "including," "Persons knowledgeable thereof," and "all Documents Relating to the foregoing" renders the interrogatory overly broad and impermissibly boundless, requiring Deere to speculate as to what Plaintiff would consider to be within the scope of the interrogatory. Deere also objects on the ground that the contention interrogatory is premature; Plaintiff has failed to justify with specific grounds the alleged need for such information early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, Deere states that, as Deere understands the interrogatory, Deere may supplement its answer to this contention interrogatory or otherwise make known such additional information to Plaintiff during the discovery process or in writing, such as through an expert's written report, after Plaintiff serves sufficient discovery to respond to the interrogatory and as otherwise required by the Court's scheduling orders.

/s/ James D. Taylor, Jr.
James D. Taylor, Jr. (#4009)
Charles E. Davis (#6402)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19801
(302) 421-6800
james.taylor@saul.com
chad.davis@saul.com

*Attorneys for Defendant Deere & Company*

OF COUNSEL:

John F. Bennett (*pro hac vice*)
Paul M. Ulrich (*pro hac vice*)
Paul J. Linden (*pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000
jbennett@ulmer.com
pulrich@ulmer.com
plinden@ulmer.com

Dated: August 2, 2021

**CONFIDENTIAL**
21

38807007.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2021, the foregoing was served on counsel of record by electronic mail to:

John W. Shaw, Esq.
Karen E. Keller, Esq.
Nathan R. Hoeschen, Esq.
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

Brian D. Sieve, Esq.
Paul D. Collier, Esq.
Jeremy D. Roux, Esq.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
bsieve@kirkland.com
pcollier@kirkland.com
jeremy.roux@kirkland.com

*/s/ James D. Taylor, Jr.*
James D. Taylor, Jr.

**CONFIDENTIAL**

38807007.1

# EXHIBIT 5

| | |
|---|---|
| **From:** | Linden, Paul <plinden@ulmer.com> |
| **Sent:** | Wednesday, October 27, 2021 9:50 AM |
| **To:** | Roux, Jeremy D.; Bennett, John; Adams, Kristen; Davis, Chad; Deere-DDEL |
| **Cc:** | Sieve, Brian D.; Collier, Paul D.; Karen E. Keller (kkeller@shawkeller.com); Nate Hoeschen |
| **Subject:** | RE: ESCO v. Deere – document production |

 **> This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.**

Dear Jeremy,

We are free to discuss your emails below Thursday 10/28 (9 a.m. and 2 p.m. EDT) or Friday 10/29 (1 p.m. and 4 p.m. EDT).

Please let us know when works for you.

Thank you,

Paul

------

Paul J Linden

Ulmer & Berne LLP

513.698.5096

---

**From:** Roux, Jeremy D. <jeremy.roux@kirkland.com>
**Sent:** Friday, October 22, 2021 2:20 PM
**To:** Linden, Paul <plinden@ulmer.com>; Bennett, John <jbennett@ulmer.com>; Adams, Kristen <kadams@ulmer.com>; Davis, Chad <chad.davis@saul.com>; Deere-DDEL <Deere-DDEL@ulmer.com>
**Cc:** Sieve, Brian D. <bsieve@kirkland.com>; Collier, Paul D. <pcollier@kirkland.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: ESCO v. Deere – document production

Paul,

I write to follow up on my October 4 email requesting information as to when Deere will begin producing documents responsive to ESCO's first set of document requests. Since my email, other than a document production consisting solely of publicly available patent materials that accompanied Deere's initial invalidity contentions, Deere still has not produced any responsive documents nor has it given any guidance for when it will. We reiterate our request for an expected time frame for Deere's production of documents.

Jeremy

**Jeremy Roux**

-------------------------------------------------------

**KIRKLAND & ELLIS LLP**

300 North LaSalle, Chicago, IL 60654

**T** +1 312 862 3435 **M** +1 847 736 9514

**F** +1 312 862 2200

-------------------------------------------------------

jeremy.roux@kirkland.com

**From:** Linden, Paul <plinden@ulmer.com>
**Sent:** Tuesday, October 5, 2021 2:05 PM
**To:** Roux, Jeremy D. <jeremy.roux@kirkland.com>; Bennett, John <jbennett@ulmer.com>; Adams, Kristen <kadams@ulmer.com>; Davis, Chad <chad.davis@saul.com>; Deere-DDEL <Deere-DDEL@ulmer.com>
**Cc:** Sieve, Brian D. <bsieve@kirkland.com>; Collier, Paul D. <pcollier@kirkland.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** RE: ESCO v. Deere – document production

Dear Jeremy,

We received your email below and will get back to you regarding an expected time frame for production of documents.

Also, regarding Judge Folsom as mediator, we wonder whether you have learned anything about his rates and availability since last week.

Finally, Deere's initial invalidity contentions are due Oct. 11, which is a federal holiday. Please confirm that you agree with our understanding that we may serve our invalidity contentions on Oct. 12.

Sincerely yours,

Paul

------

Paul J Linden
Ulmer & Berne LLP
513.698.5096

**From:** Roux, Jeremy D. <jeremy.roux@kirkland.com>
**Sent:** Monday, October 4, 2021 4:10 PM
**To:** Bennett, John <jbennett@ulmer.com>; Adams, Kristen <kadams@ulmer.com>; Davis, Chad <chad.davis@saul.com>; Deere-DDEL <Deere-DDEL@ulmer.com>
**Cc:** Sieve, Brian D. <bsieve@kirkland.com>; Collier, Paul D. <pcollier@kirkland.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Subject:** ESCO v. Deere – document production

Counsel,

I'm writing to request information as to when Deere will begin producing documents responsive to ESCO's first set of document requests, which we served over three months ago. Other than some material produced as part of Deere's core technical document disclosure obligation, Deere has yet to produce responsive documents, including those documents that Deere identified in response to ESCO's first set of interrogatories pursuant to Rule 33(d). By way of example only, responsive documents that Deere has yet to produce include: documents related to Deere's first commercial sale or use of the accused products, licenses or indemnification agreements regarding the accused products, detailed sales data regarding the accused products, and documents related to Deere's pricing and sales process of the accused products. Please advise when Deere will begin producing responsive documents.

Regards,

Jeremy

**Jeremy Roux**

------------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3435 **M** +1 847 736 9514
**F** +1 312 862 2200

------------------------------------------------------

jeremy.roux@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 6

| Subject: | Deere Sales Information |
|---|---|
| Attachments: | 2021-11-15 - TK sales data.xlsx |

**From:** Bennett, John <jbennett@ulmer.com>
**Sent:** Monday, November 15, 2021 7:32 PM
**To:** Roux, Jeremy D. <jeremy.roux@kirkland.com>
**Cc:** Deere-DDEL <Deere-DDEL@ulmer.com>; Sieve, Brian D. <bsieve@kirkland.com>; Collier, Paul D. <pcollier@kirkland.com>; Davis, Chad <chad.davis@saul.com>; James Taylor <jtaylor@saul.com>
**Subject:** Deere Sales Information



Hi Jeremy,

Attached is a spreadsheet containing Deere's service sales (e.g., sales to dealers). Accused teeth also were sent to factories as parts for including on machines; Deere does not have "sales" figures for those teeth, but the number of teeth are shown in the table below:



The data is current through the end of October 2021.

The above table and the attached are designated "Highly Confidential" under the protective order. We will separately produce the attached document with a production number and a confidentiality designation.

Solely for purposes of mediation, you may disclose the above and attached with Messrs. Jones and Schad.

All the best,

John

**NEW ADDRESS EFFECTIVE**
**DECEMBER 6, 2021**
**Ulmer & Berne LLP**
Scripps Center
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-4029

**John F. Bennett**



DIRECT: 513.698.5152
DIRECT FAX: 513.698.5153
jbennett@ulmer.com | bio | vcard

**Ulmer & Berne LLP**
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
MAIN: 513.698.5000
<u>Ulmer.com</u>





ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216.583.7000 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT 7



**Ava M. Abner**
*Associate*

DIRECT       513.698.5022
DIRECT FAX   513.698.5023
EMAIL        aabner@ulmer.com

January 19, 2022

**VIA EMAIL (pcollier@kirkland.com)**

Paul D. Collier, Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

   Re: *ESCO Group LLC v. Deere & Company*, No. 1:20-cv-01679-RGA-JLH

Dear Paul:

   I write to memorialize our understanding from the parties' telephone conference of January 14, 2022, and to address briefly your draft motion to compel, which you circulated yesterday, both which relate to ESCO's letter dated January 4, 2022.

   As an initial matter, we were surprised that ESCO was unwilling to discuss the alleged deficiencies raised in ESCO's letter during the telephone conference until we insisted. Rather, at the outset of the call, ESCO stated that its main concern was to obtain a "date certain" by which Deere would produce the documents that Deere had already agreed to produce. Only after Deere asserted that what it produced depended on clarifying the scope of ESCO's vague and overbroad requests and interrogatories did ESCO engage in any collaborative discussion.

### *ESCO's Interrogatory Nos. 1, 4, 5, 6, and 7*

CLEVELAND

COLUMBUS

CINCINNATI

CHICAGO

NEW YORK

WASHINGTON DC

BOCA RATON

ULMER.COM

   Nevertheless, when we discussed the substance of ESCO's letter, we reminded you that Deere has already provided information responsive to Interrogatory Nos. 1, 4, 5, and 7 in an email and accompanying attachment sent by John Bennett on November 15, 2021 ahead of the parties' mediation. During the call, ESCO conceded that it had not recently reviewed that information. Moreover, with respect to our discussion regarding specific interrogatories:

   ***Interrogatory No. 1***:  During the call, we reiterated our objections to the interrogatory, and ESCO stated that Deere could cure the alleged deficiencies regarding the interrogatory by identifying the party who made the first commercial sale, to the extent Deere has not already provided such information.

   ***Interrogatory No. 4:*** We did not discuss this interrogatory during the telephone conference because it was not addressed in your letter.

   ***Interrogatory No. 5***:  We reiterated our objections to the interrogatory, and ESCO stated that Deere could cure the alleged deficiencies regarding the interrogatory by identifying



Paul D. Collier, Esq.
January 19, 2020
Page 2

(1) the titles for each person identified in Deere's response and (2) which categories of information referenced in the interrogatory apply to each person identified by Deere in its response.

*Interrogatory No. 6*:  As with respect to Interrogatory No. 5, during the call, we reiterated our objections to the interrogatory, and ESCO stated that Deere could cure the alleged deficiencies regarding the interrogatory by identifying (1) the titles for each person identified in Deere's response and (2) which categories of information referenced in the interrogatory apply to each person identified by Deere in its response.

*Interrogatory No. 7*:  As with Interrogatory Nos. 5 and 6, we reiterated our objections to the interrogatory, and ESCO stated that Deere could cure the alleged deficiencies regarding the interrogatory by identifying (1) the titles for each person identified in Deere's response and (2) which categories of information referenced in the interrogatory apply to each person identified by Deere in its response.


***ESCO Request Nos. 1, 2, 6, 9, 11, 14, 16, 17, 20, 21, 23, 28, 29, 41, 43, and 47***

*Request No. 1*:  We reminded you that Deere had agreed in its responses to "make available for inspection representative samples of Accused Products."  During the call, ESCO agreed that it would be satisfied if Deere produced three accused teeth and three accused bases of the same size.

*Request No. 2*:  During the call, we noted that, to the extent it calls for the production of documents Deere "referred to or relied upon" in preparing answers to ESCO's interrogatories, the request seeks privileged or otherwise protected documents.  ESCO confirmed that the vague phrase "referred to" means that ESCO is seeking non-protected documents in Deere's possession that contain the information provided in Deere's answers to ESCO's Interrogatories to the extent any such documents are identified after a reasonable search of sources where such documents are most likely to be found.

*Request No. 6*:  We reiterated the objections from Deere's written responses and sought clarification for the vague terms "partners" and "customers."  ESCO stated it was referring to the chain of supply for the Accused Products and that "partners" and "customers" refer to "resellers."  We noted that the request remains overbroad because the Request seeks certain documents providing itemized information "associated with" such resellers (e.g., "quarterly revenue, profit, costs, and units").  We also asked how such itemized information is relevant and thus discoverable, and ESCO was unable to identify any authority during the call and has not provided any authority since.  ESCO then agreed that it would likely be satisfied if Deere provided documents identifying Deere's resellers without the itemized information.



Paul D. Collier, Esq.
January 19, 2020
Page 3

**Request No. 9**:  We reiterated the objections in Deere's written responses and reminded ESCO that Deere had agreed to produce non-protected documents sufficient to show both the designs of the Accused Products and how they work, because a design document is a clear category of documents (i.e., a CAD drawing), but documents "relating to" the research, development, and conception of the Accused Products is impermissibly boundless.  In response, ESCO agreed that it would be satisfied if Deere produced documents created by engineers that reference benefits of the design of the Accused Products.

**Request No. 11**:  This request seeks "All Documents Relating to any effort by Deere to distinguish or differentiate the Accused Products from any ESCO product."  During the call, we reiterated the objections from the written responses, including overbreadth.  We asked whether ESCO had any authority for the alleged relevance of non-practicing products of ESCO.  ESCO conceded that it had no such authority and has not provided any authority to date.  ESCO further stated that it would be satisfied if Deere produced documents that distinguished or differentiated the Accused Products from (1) ESCO's products that practice the Asserted Patents and (2) ESCO's products that compete with the Accused Products.  While we consider your proposed narrowing of the request, ESCO agreed to provide Deere a list of products it believes compete with the Accused Products.

**Request No. 14**:  During the call, we reiterated our objections from five months ago, and ESCO acknowledged that it does not know whether responsive documents would even be relevant.  ESCO then agreed to narrow the scope of the request to documents sufficient to show testing of the structural integrity of the design of the Accused Products, such as testing of resisting loads.

**Request No. 16**:  This request is similar to Request No. 11, and ESCO agreed to the same narrowing of scope.

**Request No. 17**:  This request is also similar to Request No. 11, and ESCO likewise agreed to the same narrowing of scope.

**Request No. 20**: During the call, we reiterated Deere's objection to the request for indemnity agreements, and we asked whether ESCO had any authority for the alleged relevance of such documents.  ESCO conceded it had no such authority and has not produced any authority to date.

**Request No. 21**:  In ESCO's letter, ESCO asserted that communications concerning the Accused Products between Deere and a licensor are *potentially* relevant to damages and infringement.  Yet, during the call, ESCO conceded that it had no authority that the documents are indeed relevant and has not provided any authority since.  We nonetheless reiterated Deere's willingness to produce documents constituting agreements for the sale by Deere of Accused Products or containing patent licenses and covenants with third parties.



Paul D. Collier, Esq.
January 19, 2020
Page 4

**Request No. 23**:  During the call, we reiterated Deere's objections and asked whether ESCO had any authority that projections of future sales of the Accused Products are relevant. ESCO conceded it had no such authority and has not provided any authority to date.

**Request No. 28**:  During the call, ESCO agreed to narrow the scope to documents that expressly reference one or more of the Asserted Patents.

**Request No. 29**:  In ESCO's letter, ESCO asserted that projections of future sales of the Accused Products are relevant.  As with Request No. 23, we reiterated Deere's objections and asked whether ESCO had any authority that the requested documents are relevant.  And, again, ESCO conceded that it had no such authority and has not provided any authority to date.

**Request No. 41**:  After we reiterated Deere's objections, ESCO agreed to narrow the scope to documents that contain performance or stability feedback about the Accused Products from users or purchasers of the Accused Products.

**Request No. 43**:  As with each of the previous requests, we reiterated Deere's objections.  ESCO then agreed to narrow the scope to communications that expressly reference either (1) one or more of the Asserted Patents or (2) this litigation.

**Request No. 47**:  Deere reiterated its objections and asked how the "locations" of Deere's manufacturers are relevant.  Again, ESCO conceded that it had no authority for any assertion that such documents are indeed relevant.

### ESCO's January 18 Email and Draft Motion

We were surprised to receive ESCO's draft motion to compel on January 18.  For starters, ESCO had categorically represented during the telephone conference that it would ***not*** file a motion to compel based on those discussions.  And yet ESCO now threatens to file such a motion.

Moreover, ESCO represented during the call that the only issue that is arguably ripe for Court intervention is obtaining a date certain by which Deere will produce documents referenced in the interrogatory answers.  Your draft motion, however, threatens to seek relief also regarding Deere's responses to document requests, many of which ***ESCO had never asserted were deficient***.  Specifically, your draft motion seeks relief for at least 28 requests that ESCO never discussed with Deere—either in its January 4 letter or during the January 14 call—including Nos. 3-5, 7-8, 10, 12, 18-19, 22, 25-27, 30-36, 38-40, 42, 44, 46, and 48-49. If you choose to march forward with your threatened motion, we expect you will remove the requests from any relief ESCO is seeking.



Paul D. Collier, Esq.
January 19, 2020
Page 5

        Also, as you requested, we are available February 4, 8, and 9 for a discovery
teleconference.  We prefer, of course, to continue discussions with you regarding any alleged
deficiencies instead of wasting the Court's time and resources.

                                        Very truly yours,

                                        /s/ Ava M. Abner

                                        Ava M. Abner

AMA/ka
cc:      counsel of record

# EXHIBIT 8

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois  60654

Jeremy D. Roux
To Call Writer Directly:                    (312) 862-2000                    Facsimile:
(312) 862-3435                                                                            (312) 862-2200
jeremy.roux @kirkland.com             www.kirkland.com

January 4, 2022

**By E-mail**

John F. Bennett
Paul M. Ulrich
Paul J. Linden
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202

> Re:   *ESCO Group LLC, v. Deere & Company*, 20-cv-1679 (D. Del.)

Dear Counsel:

We write regarding Defendant Deere & Company's Responses to Plaintiff ESCO Group LLC's First Set of Requests for Production and First Set of Interrogatories.  As detailed in this letter, certain responses are deficient under the Federal Rules of Civil Procedure.  Please supplement Deere's responses by January 11, 2022, and to the extent you disagree with the positions outlined below, please let us know your availability to meet and confer on either January 6 or 7.

While our review continues, ESCO identifies the following deficiencies with Deere's responses to its First Set of Requests for Production and First Set of Interrogatories.  ESCO reserves the right to raise additional deficiencies regarding Deere's discovery responses or document production.

### RFP Responses

First, Deere has failed to produce all documents responsive to ESCO's requests. Deere served its responses and objections to ESCO's requests for production nearly five months ago, yet it has produced only one document in response.  Please produce no later than January 17, 2022 all documents that Deere has previously agreed to produce.  Deere's continued failure to produce responsive documents is prejudicing ESCO's ability to serve custodial document requests; ESCO needs to review those documents to identify a full set of custodians and to provide targeted search terms to locate relevant documents from those custodians.  ESCO has already twice requested that Deere produce responsive, non-custodial documents that Deere agreed it would produce.  (*See* 10/04/2021 Roux email; 10/22/2021 Roux email.)

## KIRKLAND & ELLIS LLP

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 2

Second, for many of Deere's responses, Deere only agreed to produce "documents sufficient to" show the requested information, even though ESCO did not limit its request in such a way. This response is improper. Please confirm Deere will produce the full scope of materials sought in ESCO's requests.

In addition to the general deficiencies identified above, ESCO identifies other deficiencies with respect to Deere's responses and objections to ESCO's First Set of Requests for Production:

- **Request No. 1**: ESCO requested three representative samples of the Accused Products. Deere agreed to make available for inspection representative samples. Please explain why Deere is refusing to produce the samples. We would like to meet and confer on this request.

- **Request No. 2**: ESCO requested documents identified in Deere's interrogatory responses or relied on in preparing those responses. Among other things, Deere objected to the request as vague and only agreed to produce documents "expressly identified in Deere's responses." Deere's response is deficient. ESCO is entitled to review all non-privileged documents "relied upon in preparing answers to the same." Please confirm that Deere will produce documents "relied upon in preparing answers" to ESCO's interrogatories.

- **Request No. 6**: ESCO requested documents sufficient to identify each of Deere's partners, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner. Deere, among other things, objected to the request as "overly broad." Deere only agreed to produce documents "to identify entities to whom Deere has sold Accused Products." Deere's response is deficient. First, there is no basis for Deere's overbreadth objection, especially since Deere has not explained with the particularity required by the Rules the basis for this objection. Second, Deere impermissibly excluded documents related to the "quarterly revenue, profit, costs, and units associated with each partner." This information is relevant to, among other things, damages. Please confirm that Deere will withdraw these objections and produce all the documents sought by ESCO.

- **Request No. 9**: ESCO requested documents relating to the research, development, conception and design of each Accused Product. Among other things, Deere objected to the words "research" and "Accused Product" as vague, overly broad, and unduly burdensome. Deere only agreed to produce documents sufficient to show "both the designs of the Accused Products and how they work." Deere's response is deficient. Documents relating to the research, development, and conception of the Accused Products is relevant to at least infringement. Please confirm Deere will withdraw its objections and produce all documents sought by ESCO.

KIRKLAND & ELLIS LLP

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 3

- **Request No. 11**:  ESCO requested documents relating to any effort by Deere to distinguish or differentiate the Accused Products from any ESCO product.  Deere only agreed to produce "advertising documents that distinguish or differentiate the Accused Products from products of Plaintiff that it contends practices one or more asserted claims of the asserted patents." Deere's response is deficient.  Documents relating to efforts by Deere to distinguish the Accused Products from any ESCO product is relevant to at least damages.  Please confirm Deere will withdraw its objections and produce documents relating to its efforts to distinguish or differentiate the Accused Products from any ESCO product, not just products that practice claims from the asserted patents.

- **Request No. 14**: ESCO requested documents relating to any developmental or validation testing of the Accused Products.  Among other things, Deere objected to the use of the terms "any developmental or validation testing" and "Accused Products" as rendering the request vague, overly broad, and unduly burdensome.  Deere refused to produce responsive documents.  Deere's objections are meritless.  The materials sought by ESCO are relevant to at least infringement and damages, including because they potentially relate to the feasibility of alternative designs or benefits of the infringing design.  Please confirm Deere will withdraw its objections and supplement its response to produce all requested documents.

- **Request No. 16**: ESCO requested documents relating to ESCO excavating equipment and products.  Deere only agreed to produce "documents that reference features of products of Plaintiff that it contends practices one or more asserted claims of the asserted patents." Deere omitted from its response documents and information relating to other ESCO excavating equipment, including products that may not practice an asserted claim but that compete with the Accused Products.  This information is relevant to at least damages.  Please confirm Deere will supplement its response to produce the full scope of documents requested.

- **Request No. 17**: ESCO requested documents relating to communications between Deere and ESCO relating to excavating equipment and products.  Deere only agreed to produce "documents that constitute communications between Plaintiff and Deere that reference either the Accused Products or products of Plaintiff that it contends practice one or more asserted claims of the asserted patents."  Deere omitted from its response documents and information relating to other ESCO excavating equipment, including products that may not practice an asserted claim but that compete with the Accused Products.  This information is relevant to at least damages.  Please confirm that Deere will supplement this response to produce the full scope of documents sought.

- **Request No. 20**: ESCO requested assignment, license, or indemnity agreements relating to the Accused Products.  Deere only agreed to produce "documents containing licenses and

**KIRKLAND & ELLIS LLP**

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 4

covenants with third parties without which Deere understands such third parties may contend that the Accused Products would infringe one or more claims of a United States patents." Deere's response is deficient. Deere has excluded from its response, for example, indemnity agreements from entities that may be responsible for Deere's infringement of the asserted claims. This information is relevant to at least damages and identifying which entities may be responsible for infringement. Please confirm that Deere will supplement this response to produce the full scope of documents requested.

- **Request No. 21**: ESCO requested communications with any third party relating to the licensing, sale or distribution of the Accused Products. Deere only agreed to produce "documents constituting agreements for the sale by Deere of Accused Products or containing licenses and covenants with third parties without which Deere understands such third parties may contend that the Accused Products would infringe one or more claims of a United States patent." Deere's response is deficient. Deere has excluded from its response, for example, communications concerning the Accused Products between Deere and a licensor. This information is potentially relevant to damages and infringement. Please confirm that Deere will supplement this response to produce the full scope of documents requested.

- **Request No. 23**: ESCO requested documents sufficient to identify for the Accused Products total sales volume, monthly sales volume, revenues, and projections of future sales. Deere objected to this request and only agreed to produce "documents sufficient to identify the number of Accused Products sold in or from the United States and the revenue from those sales." Deere improperly excluded from its response projections of future sales of the Accused Products. This information is relevant to at least damages. Please confirm that Deere will withdraw its objections and supplement this response to produce the full scope of documents requested.

- **Request No. 28**: ESCO requested documents relating to any of the Asserted Patents. Deere objected to this request and refused to produce any documents. This information is relevant to many issues in the case, including infringement and damages, and Deere's refusal to produce any documents renders its response deficient. Please confirm that Deere will withdraw its objections and supplement this response to produce all the documents requested.

- **Request No. 29**: ESCO sought documents relating to any forecasts of demand, business plans, or potential sales relating to Deere's products, methods or services that include any of the Accused Products. Deere objected to providing any documents in part on grounds that the request sought documents that are not relevant. Deere's objection is meritless. This request seeks documents that are relevant to at least damages, including projections of future sales of the Accused Products or products incorporating them. Please confirm that Deere

## KIRKLAND & ELLIS LLP

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 5

will withdraw its objections and supplement this response to produce the documents
requested.

- **Request No. 41**: ESCO requested documents relating to complaints or feedback from users
  and/or purchasers of the Accused Products, including articles, advertisements, or other
  testimonials prepared by or for Deere. Deere objected to this request in part as seeking
  documents that are not relevant to the case and refused to produce any documents. Deere's
  objection is without merit. These documents are relevant to at least damages and consumer
  demand for the Accused Products. Please confirm that Deere will withdraw its objections
  and supplement this response to produce the documents requested.

- **Request No. 43**: ESCO requested communications between Deere and any other person or
  company relating to this case or the Asserted Patents. Deere objected to this request in part
  on grounds that it was overbroad and refused to produce any documents. Deere's objection
  is meritless. These documents could be highly relevant to infringement and/or damages.
  Please confirm that Deere will withdraw its objections and supplement this response to
  produce the requested documents.

- **Request No. 47**: ESCO requested documents sufficient to identify every location at which
  Deere, or any entity on behalf of Deere, manufactures or has manufactured the Accused
  Products. Deere objected in part because use of the term "every location" and "Accused
  Products" rendered the request vague, overly broad, and unduly burdensome and that the
  request did not seek relevant documents. Deere refused to produce any documents. Contrary
  to Deere's objections, this request is narrowly tailored to seek documents relevant to at least
  infringement and damages. Please confirm that Deere will withdraw its objections and
  supplement this response to produce the requested documents.

### Interrogatory Responses

For many of Deere's interrogatory responses, Deere provided no substantive response
and instead relied on Rule 33(d). These responses are improper. First, the burden in deciphering
an answer to ESCO's interrogatories is not equal because Deere is substantially more familiar
with its own documents. *See, e.g.*, *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 437 (D. Md. 2012)
(Rule 33(d) is only appropriate "to reply to inquiries of an intensely objective nature"). Second,
even assuming Rule 33(d) applied, as discussed above Deere has produced only a single
document in the last five months since responding to ESCO's interrogatories. It is not
appropriate to invoke Rule 33(d) as Deere has done here and then say records will be produced
and identified at an unspecified later date. *See Novanta Corp., v. Iradion Laser, Inc.*, 2016 WL
4987110, at *8 (D. Del. Sept. 16, 2016); *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656,
663 (D. Or. 2015). Third, even if a Rule 33(d) response were proper, Deere must identify each

## KIRKLAND & ELLIS LLP

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 6

document responsive to each interrogatory by Bates number, so that ESCO can determine which documents Deere contents provide the information requested by the specific interrogatory. ESCO demands that Deere immediately produce all documents for which it intends to rely on for purposes of Rule 33(d) and identify those documents with specificity (by Bates number), or alternatively, immediately supplement its interrogatory responses to withdraw its reliance on Rule 33(d) and provide substantive written responses.

ESCO identifies the following additional deficiencies with respect to Deere's interrogatory responses:

- **Interrogatory No. 1**:  ESCO asked Deere to identify the trade names and any other identifiers used for the Accused Products, as well as an identification of the date, location, and parties involved with the first commercial sale or use of the Accused Products.  Deere only agreed to provide information sufficient to identify "names Deere has used to refer to the Accused Products" and "the approximate date of first sale of each Accused Products." Deere's response is deficient because Deere has refused to provide information regarding the location and parties involved with the first commercial sale or use of the Accused Products. This information is relevant to at least infringement and assisting ESCO identify relevant follow-on discovery.  Please confirm Deere will withdraw its objections and immediately supplement its interrogatory response to provide this information.

- **Interrogatory No. 5**: ESCO sought for each Accused Product an identification of the number of units sold, the revenues generated from sales, the costs and expenses attributed to those sales, and the profits, as well as the identity of persons knowledgeable about the foregoing.  In its response, Deere stated that "Steva Judge and Beehler Keiser have knowledge regarding at least some of this information."  Please supplement this response to identify with specificity what portion of the information sought Messrs. Judge and Keiser are knowledgeable about.

- **Interrogatory No. 6**: ESCO sought for each Accused Product an identification of individuals involved with the sales, advertising, marketing, calculation and compilation of revenues, prices, costs, and profits of the products.  Deere responded that "Beehler Keiser, Ramon Gonzalez and Brent Jones have knowledge regarding the commercialization and marketing of Accused Products by Deere and related financial information."  Please supplement this response to identify with specificity what portion of the information sought these individuals are knowledgeable about.

- **Interrogatory No. 7**: ESCO sought for each Accused Product Deere's pricing and sales process, including list price, customer agreements, and discounts, and the identity of persons knowledgeable of the foregoing.  Deere only agreed to provide information to identify

### KIRKLAND & ELLIS LLP

Messrs. Bennett, Ulrich, Linden
January 4, 2022
Page 7

Deere's list price and discounts for units sold.  Deere's response is deficient.  Please immediately supplement Deere's response to also provide information to identify customer agreements.  Additionally, Deere identified John O'Brien and Beehler Keiser as having "knowledge regarding at least some of this information."  Please supplement this response to identify with specificity what portion of the information sought they are knowledgeable about.

*****

We look forward to your prompt supplementation of Deere's discovery responses.  Feel free to give me a call if you would like to discuss any of these issues.

Sincerely,

*/s/ Jeremy D. Roux*
Jeremy D. Roux