# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ESCO GROUP LLC,** | |
| Plaintiff, | C.A. No. 1:20-CV-01679-RGA-JLH |
| v. | |
| **DEERE & COMPANY,** | |
| Defendant. | |

**DECLARATION OF ELLIOT L. STERN, PH.D., IN SUPPORT OF
DEFENDANT'S SUR-REPLY CLAIM CONSTRUCTION BRIEF**

I, Elliot L. Stern, declare as follows:

1. I submit this declaration in connection with Defendant Deere & Company's ("Deere") sur-reply claim construction brief in the case above. In particular, I submit this declaration to respond to allegations by Plaintiff ESCO Group LLC and its expert, Mr. Holland, that I do not have the requisite experience to qualify as a person of ordinary skill in the art in this case, which they alleged in ESCO's reply claim construction brief. This declaration is intended to supplement my previous declaration in this case, titled "Declaration of Elliot L. Stern, Ph.D., in Support of Defendant's Answering Claim Construction Brief" (hereafter "Stern Dec."). The two declarations are intended to be read together.

2. In addition to the materials referenced in paragraph 14 of my previous declaration, I have now also reviewed the following materials:

> Plaintiff ESCO Group, LLC'S Reply Claim Construction Brief
>
> Declaration of Hezekiah "Ky" Holland in Support of Plaintiff ESCO Group, LLC's Reply Claim Construction Brief

1

3. As stated in my previous declaration, I understand the appropriate level of skill of a POSITA is determined from the following considerations: (a) the types of problems encountered by those working in the field and prior art solutions to those problems; (b) the sophistication of the technology in question and the rapidity with which innovations occur in the field; (c) the educational level of active workers in the field; and (d) the educational level of the inventor.

4. In my previous declaration, I opined "a POSITA at the time of the alleged invention of the Asserted Patents would have at least a Bachelor's degree in Mechanical Engineering, or related discipline, and would have at least three years of experience working with wear assemblies for excavating equipment or similar brush cutters, drilling heads, and cutting tools."

5. In his declaration, Mr. Holland opined a POSITA would have "a Bachelor of Science degree in Mechanical Engineering and at least 3 years of professional experience working with wear assemblies for excavating equipment in the earthmoving industry, such as assessing the performance of the excavating equipment and the wear assemblies in the field through failure analysis, competitive analysis, or designing and developing wear assemblies to address field issues." Holland. Dec. ¶ 26.  I disagree with Mr. Holland's opinion.

6. It is my opinion that Mr. Holland's definition of the level of skill of a POSITA is too narrow.  Mr. Holland claims that "brush cutters, drilling heads and cutting tools are not similar technology to wear assemblies for excavation" (Holland Dec. ¶ 30) because the latter requires knowledge of "unique" characteristics. I disagree with Mr. Holland's opinion that a POSITA could not obtain comparable professional experience and knowledge working with wear assemblies for brush cutters, drilling heads, and cutting tools at least because the types of problems encountered by those working in the two fields are very similar.

7. For example, Mr. Holland suggests that professional experience working with wear

assemblies for excavating equipment yields abilities of assessing performance, failure analysis, competitive analysis, and designing and developing wear assemblies. These abilities, however, are not unique to those working in the earthmoving industry, and indeed, those skills are among many I have developed over the course of my career as reflected in my CV. In fact, assessing performance, failure analysis, competitive analysis and designing/developing wear assemblies are common abilities and knowledge of a mechanical engineer, but are also common abilities and knowledge of a person working with wear assemblies for brush cutters, drilling heads, and cutting tools that are similar to wear assemblies for excavating equipment. Thus, a person having at least 3 years of professional experience working with wear assemblies for similar brush cutters, drilling heads, and cutting tools is equally experienced with and knowledgeable of assessing performance, failure analysis, competitive analysis, and designing/developing wear assemblies for excavation.

8. It is also my opinion that, similar to excavating equipment, cutters, cutting heads and drilling heads also inherently experience high dynamic impact loads, such as interrupted cutting, and they are used in hostile environments subjected to abrasive materials. Drilling heads drill into the earth and are often flushed with a high pressure slurry. Contrary to Mr. Holland's contentions, therefore, design and wear challenges such as those presented in the two industries are understood by a mechanical engineer working in a variety of industrials environments.

9. For example, wear assemblies for brush cutters are multi-directional cutting systems with tangential, radial, and axial force components with wear members and a locking system that are subjected to periodic heavy impact loads from engagement into the earth and other abrasive materials, such as rocks, trees, and other materials, during operation. Wear members for brush cutters are subject to field replacement when worn or damaged and used in harsh environments. Thus, a person having at least 3 years of professional experience working with wear

3

assemblies for brush cutters is equally knowledgeable of the design features of wear assemblies for excavation, which include replaceable wear members and a locking system designed for heavy loading and used in harsh environments.

10. Another example includes wear assemblies for drilling heads, which are multi-directional cutting systems with tangential, radial, and axial force components with wear members and a locking system that are subjected to periodic heavy impact loads from engagement into the earth and other abrasive materials, such as rocks, metals, and pressurized slurry, during operation. Wear members for drilling heads are subject to field replacement when worn or damaged. Thus, a person having at least 3 years of professional experience working with wear assemblies for drilling heads is equally knowledgeable of the design features of wear assemblies for excavation, which include replaceable wear members and a locking system designed for heavy loading and used in harsh environments.

11. The same is true for wear assemblies for cutting tools, which include, for example, earth trenching cutting bits, road milling, surface mining, underground mining (e.g., to cut coal), foundation drills, and oil and gas drill heads. Wear assemblies for cutting tools are multi-directional cutting systems with tangential, radial and axial force components with wear members and a locking system that are subjected to periodic heavy impact loads from engagement into the earth and other abrasive materials, such as soil, rock, metals, coal, water, or oil, during operation. Wear members for cutting tools are subject to field replacement when worn or damaged. Thus, a person having at least 3 years of professional experience working with wear assemblies for cutting tools is equally knowledgeable of the design features of wear assemblies for excavation, which include replaceable wear members and a locking system designed for heavy loading and used in harsh environments.

12.     Therefore, it is still my opinion that a POSITA at the time of the alleged invention of the Asserted Patents would have at least a Bachelor's degree in Mechanical Engineering and would have at least three years of experience working with wear assemblies for excavating equipment or similar brush cutters, drilling heads, and cutting tools.

13.     Moreover, I have personal knowledge of and experience with the degree of knowledge and expertise of individuals with this level of skill from working with people of that level skill and from my own work in this and related fields of technology because the types of problems encountered by those working in the field of wear assemblies for excavating equipment and in the field of wear assemblies for brush cutters, drilling heads, and cutting tools are the same.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2022         *Elliot L Stern*
                                     Elliot L. Stern, Ph.D.